PER CURIAM.
Appended to this order are amended and new rules of the Rules of Criminal Procedure, to comply with the mandate of the 1982 constitutional amendment to article I, section 14, of the Florida Constitution and the action of the legislature in its passage of section 907.041, Florida Statutes (Supp. 1982). The proposed rules were prepared by the Criminal Procedure Rules Committee and submitted by The Florida Bar. The Florida Public Defender Association made suggestions. The portion of the rules which are underscored is new and that portion in brackets was suggested by the Florida Public Defender Association.
These rules shall cover all proceedings within their scope after 12:01 A.M. on October 1, 1983. All conflicting rules and statutes are hereby superseded; statutes not superseded shall remain in effect as rules promulgated by the Supreme Court. The committee note appended to the rules is not adopted by the Court.
It is so ordered.
ADKINS, OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ALDERMAN, C.J., concurs in part and dissents in part with an opinion, in which BOYD, J., concurs.
RULES OF CRIMINAL PROCEDURE BAIL
RULE 3.130 — FIRST APPEARANCE
(a) Prompt First Appearance.
Except when he has been previously released in a lawful manner, every arrested person shall be taken before a judicial officer within twenty-four (24) hours of his arrest. The chief judge of the circuit for each county within the circuit shall designate one or more judicial officers from the circuit court, or county court, to be available for first appearance and proceedings.
(b) Advice to Defendant.
Upon the defendant’s first appearance the magistrate shall immediately inform him of the charge and provide him with a copy of the complaint. The magistrate shall also adequately advise the defendant as follows:
(1) That he is not required to say anything, and that anything he says may be used against him.
(2) If he is as yet unrepresented, that he has a right to counsel, and, if he is financially unable to afford counsel, that counsel forthwith will be appointed.
(3) That he has a right to communicate with his counsel, his family, or his friends, and that, if necessary, reasonable means will be provided to enable him to do so.
(c) Counsel for Defendant.
(1) Appointed counsel. Where practicable, the magistrate should determine prior to the first appearance whether the defendant is financially able to afford counsel and whether he desires representation. When the magistrate determines that the defendant is entitled to court-appointed counsel and desires counsel, he shall immediately appoint counsel. This determination must be made and, where required, counsel appointed no later than the time of the first appearance, and prior to any other proceedings at the first appearance. If necessary, counsel may be appointed for the limited purpose of representing the defendant only at first appearance or at subsequent proceedings before the magistrate.
*61 (21 Retained counsel. Where the defendant has employed, or is financially able and desires to employ, counsel to represent him at first appearance, the magistrate shall allow the defendant a reasonable time to send for counsel and shall, if necessary, postpone the first appearance hearing for such purpose. The magistrate shall also, upon request of the defendant, require an officer to communicate a message to such counsel as the defendant may name. The officer shall with diligence, and without cost to the defendant if the counsel is within the county, perform the duty. If the postponement will likely result in the continued incarceration of the defendant beyond a 24-hour period, at the request of the defendant the magistrate may appoint counsel to represent the defendant for the first appearance hearing.
(3) No further steps in the proceedings should be taken until the defendant and his counsel have had an adequate opportunity to confer, unless the defendant has intelligently waived the right to be represented by counsel.
(41 Waiver of counsel. The defendant may waive his right to counsel at first appearance and if he does so, such waiver, containing an explanation of his right to counsel, shall be in writing and signed and dated by the defendant. This written waiver of counsel shall, in addition, contain a statement that it is limited to first appearance only and shall in no way be construed to be a waiver of counsel for subsequent proceedings.
(dl Pretrial Release.
The judicial officer shall proceed to determine conditions of release pursuant to Rule 3.131.
RULE 3.131 PRETRIAL RELEASE
(a) Right to Pretrial Release.
Unless charged with a capital offense or an offense punishable bv life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or countv ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial. Tori assure the integrity of judicial process, the accused may be detained.
(b) Hearing at First Appearance — Conditions of Release.
(11 Unless the State has filed a motion for pretrial detention pursuant to Rule 3.132. the court shall conduct a hearing to determine pretrial release. For the purpose of this rule, bail is defined as anv of the forms of release stated below. There is a presumption in favor of release on non-monetary conditions for anv person who is granted pretrial release. The judicial officer shall impose the first of the following conditions of release which will reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial. Tori assure the integrity of the judicial process: or. if no single condition gives that assurance, anv combination of the following conditions:
(1) Personal recognizance of the defendant;
(HI Execution of an unsecured appearance bond in an amount specified by the judge;
(HD Placing restrictions on the travel, association, or place of abode of the defendant during the period of release;
(iv) Placing the defendant in custody of a designated person or organization agreeing to supervise him;
(v) Requiring the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; provided, however, that anv criminal defendant who is required to meet monetary bail or bail with anv monetary component may satisfy said bail bv providing an appearance bond.
(vi) Imposing any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.
(2) The judge shall at the defendant’s first appearance consider all available rele *62 vant factors to determine what form of release is necessary to assure the defendant’s appearance. If a monetary bail is required, then the judge shall determine the amount.
(31 In determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be. the court mav consider the nature and circumstance of the offense charged and the penalty provided bv law, the weight of the evidence against the defendant, the defendant’s family ties, length of residence in the community, employment history, financial resources, and mental condition; the defendant’s past and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings, the nature and probability of danger which the defendant’s release poses to the community, the source of funds used to post bail: whether the defendant is already on release pending resolution of another criminal proceeding, or on probation, parole, or other release pending completion of sentence, and any other facts the court considers relevant.
(41 All information provided bv a defendant in connection with any application for or attempt to secure bail, to any court. court personnel, or individual soliciting or recording such information for the purpose of evaluating eligibility for or securing bail for the defendant, under circumstances such that the defendant knew or should have known that the information was to be used in connection with an application for bail, shall be accurate, truthful, and complete. without omissions to the best knowledge of the defendant. Failure to comply with the provisions of this subsection mav result in the revocation or modification of bail fHowever. no defendant shall be compelled to provide information regarding his criminal record.!
(5) Information stated in, or offered in connection with, any order entered pursuant to this rule need not strictly conform to the rules of evidence.
(cl Consequences of Failure to Appear.
(11 Any defendant who willfully and knowingly fails to appear and breaches a bond as specified in Section 903.26 of the Florida Statutes, and who voluntarily appears or surrenders, shall not be eligible for a recognizance bond.
(21 Any defendant who willfully and knowingly fails to appear and breaches a bond as specified in Section 903.26 of the Florida Statutes, and who is arrested at any time following forfeiture, shall not be eligible for a recognizance bond or any form of bond which does not require a monetary undertaking or commitment equal to or greater than $2.000 or twice the value of the monetary commitment or undertaking of the original bond, whichever is greater. (d) Subsequent Application for Setting or Modification of Bail.
(1) When a judicial officer not possessing trial jurisdiction orders a defendant held to answer before a court having jurisdiction to try the defendant, and bail has been denied or sought to be modified, application by motion may be made to the court having jurisdiction to try the defendant, or in the absence of the judge of said trial court, to the circuit court. Such motion shall be determined promptly. No judge or a court of equal or inferior jurisdiction mav modify or set a condition of release, unless such judge either:
ffl Imposed the conditions of bail or set the amount of bond required: or
(ii) Is the chief judge of the circuit in which the defendant is to be tried: or
(iii) Has been assigned to preside over the criminal trial of the defendant: or
(iv) Is the first appearance judge and was authorized bv the judge initially setting or denying bail to modify or set conditions of release.
(2) Applications bv the defendant for modification of bail on any felony charge must be heard bv a court in person at a hearing, with the defendant present and with at least three (31 hours notice to the state attorney and county attorneyf. if bond forfeiture proceedings are handled bv the county attorney. The state mav apply for *63 modification of bail by showing good cause and with at least three (31 hours notice to the attorney for defendant.!
(3) In the event any trial court fixes bail and refuses its reduction before trial, the defendant may institute habeas corpus proceedings seeking reduction of bail. If application is made to the supreme court, or district court of appeal, notice and a copy of such application shall be given to the attorney general and the state attorney. Such proceedings shall be determined promptly.
(e) Bail Before Conviction; Condition of Undertaking.
(1) If a person is admitted to bail for his appearance for a preliminary hearing, or on a charge that a magistrate is empowered to try, the condition of the undertaking shall be that he will appear for such hearing, or to answer the charge, and will submit himself to the orders and process of the magistrate trying the same, and will not depart without leave.
(2) If he is admitted to bail after he has been held to answer by a magistrate, or after an indictment or information on which he is to be tried has been filed against him, the condition of the undertaking shall be that he will appear to answer the charges before the court in which he may be prosecuted and submit to the orders and process of the court, and will not depart without leave.
(f) Revocation of Bail.
The court in its discretion for good cause, any time after a defendant who is at large on bail appears for trial, may commit him to the custody or the proper official to abide the judgment, sentence and any further order of the court.
(e) Arrest and Commitment by Court.
The court in which the cause is pending may direct the arrest and commitment of the defendant who is at large on bail in the following cases:
(1) When there has been a breach of the undertaking;
(2) When it appears that his sureties or any of them are dead or cannot be found or are insufficient or have ceased to be residents of the state;
(3)When the court is satisfied that the bail should be increased or new or additional security, required;
The order for the commitment of the defendant shall recite generally the facts upon which it is based, and shall direct that the defendant be arrested by any official authorized to make arrests, and that the defendant be committed to the official in whose custody he would be had he not been given bail, to be detained by such official until legally discharged. The defendant shall be arrested pursuant to such order upon a certified copy thereof, in any county, in the same manner as upon a warrant of arrest. If the order provided for is made because of the failure of the defendant to appear for judgment, the defendant shall be committed. If the order is made for any other cause, the court may determine the conditions of release, if any.
(h) Bail After Recommitment.
If the defendant applies to be admitted to bail after recommitment, the court which recommitted him shall determine conditions of release, if any, subject to the limitations of (c) above.
(i) Qualifications of Surety After Order of Recommitment.
If the defendant offers bail after recom-mitment, each surety shall possess the qualifications and sufficiency, and the bail shall be furnished in all respects in the manner, prescribed for admission to bail before re-commitment.
(j) Issuance of Capias; Bail Specified.
Upon the filing of either an indictment or information charging the commission of a crime, if the person named therein is not in custody or at large on bail for the offense charged, the judge shall issue or shall direct the clerk to issue, either immediately, or when so directed by the prosecuting attorney, a capias for the arrest for such person. Upon filing of the indictment or information, the judge shall endorse the amount of bail, if any, and may authorize the setting or modification of bail by the judge presid *64 ing over the defendant’s first appearance hearing. This endorsement shall be made on the capias and signed by the judge.
(k) Summons Upon Misdemeanor Charge.
When a complaint is filed charging the commission of a misdemeanor only and the magistrate deems that process should issue as a result, or when an indictment or information on which the defendant is to be tried charging the commission of a misdemeanor only, and the person named in it is not in custody or at large on bail for the offense charged, the magistrate or judge shall direct the clerk to issue a summons instead of a capias unless the magistrate or judge has reasonable ground to believe that the person will not appear in response to a summons in which event an arrest warrant or a capias shall be issued with the amount of bail endorsed on it. The summons shall state substantially the nature of the offense and shall command the person against whom the complaint was made to appear before the judge issuing the summons or the judge having jurisdiction of the offense at a time and place stated in it.
(l) Summons When Defendant is Corporation.
Upon the filing of an indictment or information or complaint charging a corporation with the commission of a crime, whether felony or misdemeanor, the judge shall direct the clerk to issue or shall issue a summons to secure its appearance to answer the charge. If, after being summoned, the corporation does not appear, a plea of not guilty shall be entered and trial and judgment shall follow without further process. RULE 3.132 PRETRIAL DETENTION
Cal Motion Filed at First Appearance.
A person arrested for an offense for which detention mav be ordered under Section 907.041 of the Florida Statutes shall be taken before a judicial officer for a first appearance within twenty-four (241 hours of arrest. The State mav file with the judicial officer at first appearance a motion seeking pretrial detention, signed bv the State Attorney or his assistant setting forth with particularity the grounds and the essential facts on which pretrial detention is sought, and certifying that he has received testimony under oath' supporting the grounds and the essential facts alleged in the motion. If no such motion is filed, or the motion is facially insufficient, the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of Rule 3.131(b¥D. If the motion for pretrial detention is facially sufficient, the judicial officer shall proceed to determine whether there is probable cause that the person committed the offense. If probable cause is found, the person mav be detained in custody pending a final hearing on pretrial detention. If probable cause is established after first appearance pursuant to the provisions of Rule 3.133. and the person has been released from custody, he mav be recommitted to custody pending a final hearing on pretrial detention.
(b) Motion Filed After First Appearance.
A motion for pretrial detention mav be filed at any time prior to trial. Such motion shall be made to the court with trial jurisdiction. Upon receipt of a facially sufficient motion and a determination of probable cause, unless otherwise previously established. that an offense eligible for pretrial detention has been committed, the following shall occur:
(1) In the event of exigent circumstances. the court shall issue a warrant for the arrest of the named person, if such person has been released from custody. The person mav be detained in custody pending a final hearing on pretrial detention.
(2) In the absence of exigent circumstances. the court shall order a hearing on such motion as provided in (c) below.
(cl Final Order.
ID Hearing required.
A final order of pretrial detention shall be entered only after a hearing in the court of trial jurisdiction. The hearing shall be held within five (5) davs of the filing of the motion, or the date of taking the person in custody pursuant to a motion for pretrial detention, whichever is later. The State Attorney has the burden of showing fbe- *65 vond a reasonable doubtl the need for pretrial detention pursuant to the criteria in Section 907.041 of the Florida Statutes. The defendant may request a continuance. The State shall be entitled to one continuance for good cause. No continuance shall exceed five (SI davs unless there are extenuating circumstances. The defendant may be detained pending the hearing, but in no case shall he be detained in excess of ten (10) davs. unless such delay is sought by the defendant. The person sought to be detained is entitled to representation by counsel. to present witnesses and evidence, and to cross-examine witnesses. The court may admit relevant evidence and testimony under oath without complying with the rules of evidence, but evidence secured in violation of the United States Constitution or the Constitution of the State of Florida shall not be admissible. A final order of pretrial detention shall not be based exclusively on hearsay evidence. No testimony by the defendant shall be admissible to prove the guilt of the defendant at any other judicial proceeding, but may be admitted in an action for perjury based upon the defendant’s statements made at the pretrial detention hearing, or for impeachment.
(2) Findings and Conclusions to be Recorded.
The court’s pretrial detention order shall be based solely on evidence produced at the hearing, and shall contain findings of fact and conclusions of law to support it. The order shall be made either in writing or orally on the record. The court shall render its findings within twenty-four (24) hours of the pretrial detention hearing.
(3) Dissolution of Order.
The defendant shall be entitled to dissolution of the pretrial detention order whenever the court finds that a subsequent event has eliminated the basis for detention.
(4) Further Proceedings on Order.
In the event any trial court enters a final order of pretrial detention, the defendant may obtain review by motion to the appropriate appellate court. If motion for review is taken to the supreme court or the district court of appeal, notice and copy of such motion shall be served upon the attorney general and the state attorney: if review is taken to the circuit court, service shall be upon the state attorney,
(d) Length of Detention.
If ordered detained pending trial pursuant to sub-paragraph (4)(b) of Section 907.-041 of the Florida Statutes, the defendant may not be held more than ninety (90) davs. Failure of the state to bring the defendant to trial within that time shall result in his release from detention subject to any conditions of release, unless the trial delay was requested or caused by the defendant or his counsel.
RULE 3.133 PRETRIAL PROBABLE CAUSE DETERMINATIONS AND ADVERSARY PRELIMINARY HEARINGS
(renumbered only)
1982 Committee Note: Rule 3.131(d) is intended to replace former Rule 3.130(f). and therefore contemplates all subsequent modifications of bail: including all increases or reductions of monetary bail, or any other changes sought by the State or by the defendant.