473 So.2d 809 (1985)
Darrell Albert GOMEZ, Petitioner,
v.
The Honorable Harry G. HINCKLEY, Jr., As Circuit Judge of the Seventeenth Judicial Circuit, and Nick Navarro, As Sheriff of Broward County, Florida, Respondents.
No. 85-1706.
District Court of Appeal of Florida, Fourth District.
August 8, 1985.
Alan H. Schreiber, Public Defender, Robert R. Wills, Chief Asst. Public Defender, and Robert David Malove, Asst. Public Defender, Fort Lauderdale, for petitioner.
*810 Jim Smith, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for respondents.
BARKETT, Judge.
Petitioner, Darrell Albert Gomez, seeks habeas corpus relief from an order denying him pretrial bail. We vacate the order, and direct the trial court to set a reasonable bail.
Gomez was arrested and charged with homicide. Subsequently, a grand jury indicted Gomez for third degree murder and for manslaughter. Neither of these crimes is a capital offense, and neither is punishable by life imprisonment.
At a subsequent hearing upon Gomez's motion to set bail, the court denied bail. In the order denying bail, the court stated:
Defendant's motion to set bond is hereby denied. The presumption is great and the guilt is evident based on the probable cause sheet, the testimony, and the statements. It is the finding of this court that the defendant represents a threat to the community.
The right of an accused to be released on bond is governed by Article I, section 14, of the Florida Constitution.[1] Prior to January 1, 1983, that section read as follows:
14. Bail
Until adjudged guilty, every person charged with a crime or violation of municipal or county ordinance shall be entitled to release on reasonable bail with sufficient surety unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great.
Thus, prior to January 1, 1983, this section provided that, with rare exception, only persons charged with capital offenses or offenses punishable by life imprisonment could be denied release on bail. See Gardner v. Murphy, 402 So.2d 525 (Fla. 5th DCA 1981); Taylor v. State, 388 So.2d 576 (Fla. 5th DCA 1980); Cheatham v. Novell, 382 So.2d 361 (Fla. 4th DCA), review denied, 389 So.2d 1113 (Fla. 1980). Persons accused of all other crimes "enjoy[ed] the right to release on reasonable bail until the moment of adjudication." Cheatham v. Novell, 382 So.2d at 361.
Article I, section 14, however, was amended at the November 2, 1982, general election. See In Re Rules of Criminal Procedure 3.130 (Bail Bond), 436 So.2d 60 (Fla. 1983); § 907.041, Fla. Stat. (1983). That section was amended, effective January 1, 1983, to read as follows:
14. Pretrial release and detention
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
The effect of the amendment, which was proposed by the legislature, was to allow courts to deny bail, in certain situations, to persons accused of offenses other than capital offenses or offenses punishable by life imprisonment. Section 907.041, Florida Statutes (1983), provides an elaborate statutory scheme to implement Article I, section 14, as amended. The legislative intent of this statute, and the intent of the amendment to Article I, section 14, is expressed in section 907.041(1), Florida Statutes:
907.041. Pretrial detention and release
(1) Legislative intent.  It is the policy of the state that persons committing serious criminal offenses, posing a threat to the safety of the community or the integrity of the judicial process, or failing to appear at trial be detained upon arrest. *811 However, persons found to meet specified criteria shall be released under certain conditions until proceedings are concluded and adjudication has been determined. The Legislature finds that this policy of pretrial detention and release will assure the detention of those persons posing a threat to society while reducing the costs for incarceration by releasing, until trial, those persons not considered a danger to the community who meet certain criteria. It is the intent of the Legislature that the primary consideration be the protection of the community from risk of physical harm to persons.
Under section 907.041(4)(b) of the statute, a person accused of committing a "dangerous crime"[2] may be held if any of four enumerated conditions is met. The first three are inapplicable in this case, but the fourth, section 907.041(4)(b)4, allows pretrial detention if the court finds a substantial probability that "the defendant poses the threat of harm to the community." This subsection further requires, however, that the defendant meet at least one of the following criteria: (1) the defendant has previously been convicted of a crime punishable by death or life imprisonment; (2) the defendant has been convicted of a "dangerous crime" within the last ten years; or (3) the defendant is on probation, parole, pretrial release for a dangerous crime, or any other release pending completion of sentence. § 907.041(4)(b)4, Fla. Stat. (1983).
The record is barren of evidence of any of these three requirements as well as any evidence that the defendant poses a present threat of harm to the community at large. Because section 907.041(4)(h) requires that the pretrial detention order, if any, "shall be based solely upon evidence produced at the hearing," we find that the court lacked statutory and constitutional authority to withhold bail in this case.
Consequently, we grant the petition for writ of habeas corpus, and direct Nicholas G. Navarro, Sheriff of Broward County, to deliver forthwith Darrell Albert Gomez before Circuit Judge Harry G. Hinckley, or his alternate, Seventeenth Judicial Circuit, to set reasonable bail. See Flores v. Cocalis, 453 So.2d 1198 (Fla. 4th DCA 1984); Harp v. Hinckley, 410 So.2d 619 (Fla. 4th DCA 1982); Good v. Wille, 382 So.2d 408 (Fla. 4th DCA 1980). At the bail hearing, Gomez shall be given the opportunity to present evidence, and to otherwise be heard as on a motion for bond reduction. See, e.g., King v. Norvell, 411 So.2d 344 (Fla. 4th DCA 1982); Forsythe v. Wille, 396 So.2d 195 (Fla. 4th DCA 1980).
WRIT ISSUED.
WALDEN, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I concur with the majority that it was error to deny bail because of the constitutional and statutory requirements which the trial court failed to follow. I further concur that the majority has accurately recited that because of section 907.041(4), Florida Statutes (1983); it is not enough to deprive an accused such as this defendant of pretrial release by showing that he poses a threat to the community. He must also fall within one of the three additional requirements of section 907.041(4)(b)4(a), (b) or (c).
I am unwilling to join the conclusion of the majority that the record is barren of evidence that the accused poses a threat of harm to the community. Section 907.041(4)(b)4 initially provides that the court may order pretrial detention if it finds:[3]

*812 4. The defendant poses the threat of harm to the community. The court may so conclude if it finds that the defendant is presently charged with a dangerous crime, that there is a substantial probability that the defendant committed such crime, that the factual circumstances of the crime indicate a disregard for the safety of the community, and that there are no conditions of release reasonably sufficient to protect the community from the risk of physical harm to persons.
In my view, the above product of the Florida Legislature, as the surrogates of Florida's citizens, leaves to the trial court an area of discretion which is bounded by the express limitations and, in my opinion, the implied limitation of reasonableness.
The trial court here concluded that the accused posed such a threat to the community. It would have been much easier for us, as a reviewing court, to have the benefit of findings by the trial court to support its conclusion. Without such findings, I feel that we must review that which the trial court had before it without substituting our individual value judgments for those of the trial court, assuming a reasonable predicate exists for the conclusion.
The probable cause affidavit, which the trial court properly considered, reflects that a thirty year old, unemployed man was living with a sixteen year old female child, to whom he was unrelated in any fashion; that he gave a statement to the investigating officer that he injected cocaine into the girl on several occasions on the date of her death; that after calling fire and rescue when she turned blue, had no pulse and stopped breathing, he denied calling them upon their arrival and refused them admittance into the apartment although the girl's condition was then improving, that fifty minutes later, the accused again contacted fire and rescue; that upon their arrival and admittance, the child's condition was irremediable; and that while others in the apartment were administering first aid to the child, the accused was injecting himself with cocaine.
I find it would have been naive for the trial court to conclude that the accused was a first time user of cocaine, given such a bizarre scenario. Moreover, the child's mother testified at the hearing; and her testimony could reasonably have led the trial court to believe that the child's use of cocaine commenced when she met the accused.
The reasonable exercise of discretion surely involves the ability of the trial judge to express his or her value judgments. If this trial judge believed the accused's use of cocaine not only led but would lead to bizarre conduct, not just involving himself but endangering or involving in a harmful way other members of society  teenagers or otherwise, then what authority do the judges of this court have to superimpose differing value judgments? Yet, I believe all of us here do that more often than we care to admit; and that the majority is so doing in this case.
Having said all of the above, assuming, then, on rehearing that none of the foregoing statutory criteria are met to justify pretrial detention, in setting bail or other conditions of release the trial court will be required to consider the criteria listed in section 903.046(2), Florida Statutes (1983).
NOTES
[1] The provisions of this section appear verbatim in rule 3.131(a), Florida Rules of Criminal Procedure.
[2] "Dangerous crimes" are defined in section 907.041(4)(a), Florida Statutes (1983). Gomez has been indicted for committing a "dangerous crime."
[3] It may also order pretrial detention if it finds:

1. The defendant has previously violated conditions of release and that no further conditions of release are reasonably likely to assure his appearance at subsequent proceedings;
2. The defendant, with the intent to obstruct the judicial process, has threatened, intimidated, or injured any victim, potential witness, juror, or judicial officer, or has attempted or conspired to do so, and that no condition of release will reasonably prevent the obstruction of the judicial process;
3. The defendant is charged with trafficking in controlled substances as defined by s. 893.135, that there is a substantial probability that the defendant has committed the offense, and that no conditions of release will reasonably assure the defendant's appearance at subsequent criminal proceedings... .
§ 907.041(4)(b), Fla. Stat. (1983).