ON SECOND PETITION FOR WRIT OF HABEAS CORPUS
PER CURIAM.
Petitioner seeks a writ of habeas corpus, arguing that he is entitled to reasonable bail and that the trial court erred in ordering pretrial detention. We agree.
Petitioner is charged by information with two violations of section 800.04(2), Florida Statutes, by commission of sexual acts upon a child under 16 years of age. By an earlier order, the circuit court refused to set bail and this court granted a writ of habeas corpus, instructing the lower tribunal to either set bail or show that petitioner was not entitled to bail pursuant to section 907.041, Florida Statutes, (1985). The circuit court responded with a second order which found that there is a substantial probability that Bradwell committed dangerous crimes, that he is a threat to the community, that he has expressed an intent to flee the jurisdiction, and that there are no conditions of release that will reasonably prevent the obstruction of the judicial process or protect the community from risk of physical harm.
*567 Bradwell’s petition first attacks the failure of the state to petition for pretrial detention and the sufficiency of the evidence to support the trial court’s findings. We find it unnecessary to reach those issues because the order, on its face, does not comply with section 907.041(4). That is, in addition to the findings made by the trial court, the statute requires that:
The court must find that at least one of the following conditions is present:
a. The defendant has previously been convicted of a crime punishable by death or life imprisonment.
b. The defendant has been convicted of a dangerous crime within the 10 years immediately preceding the date of his arrest for the crime presently charged.
c. The defendant is on probation, parole, or other release pending completion of sentence or on pretrial release for a dangerous crime at the time of the current arrest.
In this case, the court made no such finding. Given the plain and mandatory language of the statute, we find that petitioner therefore is entitled to pretrial release. See Gomez v. Hinckley, 473 So.2d 809 (Fla. 4th DCA 1985). Inasmuch as the state attorney has the burden of showing the need for pretrial detention, section 907.-041(4)(f), and in two attempts has failed to show that petitioner may be detained pursuant to the terms of the statute, we grant the petition for writ of habeas corpus and direct the sheriff to deliver petitioner to Circuit Judge Charles D. McClure or his alternate to set reasonable bail.
WRIT ISSUED.
ERVIN, WENTWORTH and JOANOS, JJ., concur.