565 So.2d 712 (1990)
STATE of Florida, Appellant,
v.
Carlton AJIM, Appellee.
No. 90-0290.
District Court of Appeal of Florida, Fourth District.
May 16, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellant.
Lyon Greenblatt and Pearl Goldman of Weissman & Greenblatt, P.A., Lauderhill, for appellee.
PER CURIAM.
The state seeks a writ of certiorari to quash an order setting bond. Upon a review of the record, it appears that the trial court misconstrued a prior order of this court dated December 29, 1989 granting a petition for a writ of habeas corpus. That order directed that a bond hearing be conducted or that an order be entered denying bond in accordance with Florida Statutes 907.041.
The defendant is charged with kidnapping, an offense punishable by life imprisonment. The trial court at the subsequent hearing concluded that our December 29, 1989 order precluded application of State v. Arthur, 390 So.2d 717 (Fla. 1980) to this offense notwithstanding potential findings that the proof is evident and the presumption great. As a result, the trial court proceeded under the conclusion that the mandate of this court removed all discretion to deny bail absent proof of the factors in section 907.041(4)(b)4 a-c.
We grant certiorari and quash the order setting bond.
The criteria for denying bail set forth in section 907.041 are complementary to, and do not replace, the discretion of the court to deny bail, recognized in State v. Arthur, as to crimes punishable by death or life in prison where the proof is evident and the presumption great. See Driggers v. Carson, 486 So.2d 25 (Fla. 1st DCA 1986). We note that this issue was not before this court in the earlier petition.
HERSEY, C.J., and GUNTHER and STONE, JJ., concur.