602 So.2d 1334 (1992)
James Russell MARTINA, Petitioner,
v.
STATE of Florida, Respondent.
No. 92-1334.
District Court of Appeal of Florida, Fifth District.
July 17, 1992.
Frank E. Merrick of Law Offices of Frank E. Merrick, Orlando, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.
COWART, Judge.
The police report shows that on May 10, 1992, the police responded to a domestic violence complaint and met a "highly emotional and disoriented" wife who stated that her husband, the defendant in this case, "had hit her on the back of the head on May 6, 1992 and wanted to kill her". The husband stated he did not hit her and did not know how the injury occurred and stated that on May 6, 1992, the wife had been drinking Jack Daniels liquor and, while in a property-damaging mood, had locked herself in the bedroom and the defendant had left. The officer gave a rights pamphlet to both parties and arrested the husband, accusing him of battery (domestic violence).[1]
*1335 The bail bond schedule, adopted by administrative order signed by the chief judge of the judicial circuit, provides for no bond when a misdemeanor battery accusation is an incident of domestic violence.[2] Therefore the defendant was jailed and held without bond. At initial appearance the next day, May 11, 1992, the county judge continued the defendant's confinement without bond and without giving any reason for not setting bail bond.
On May 12, 1992, the defendant petitioned the county court for release on reasonable bail. On May 14, 1992, a hearing was held and the wife testified that she was not sure that the husband had struck her and the husband again testified that he did not strike the wife. The trial judge denied the motion and authorized the defendant to continue to be held in jail without bond.
The defendant filed a petition for a writ of habeas corpus in the circuit court. On May 26, 1992, the circuit court judge "remanded" the cause to the county court with directions to review the denial of bail and either set bail or enter an order, by 8:45 a.m. on May 28, 1992, stating the reasons why bail was denied. On May 27, 1992, the county court judge again denied bail based on the recital in the arresting officer's report and the statement that the defendant was arrested for the commission of an act of domestic violence under section 731.30 (sic), [see section 741.30,[3]]. The order contains "boilerplate" recitals that "no conditions of release can reasonably protect the community from risk of physical harm", citing Florida Rule of Criminal Procedure 3.131(a).[4] The next day on May 28, 1992, the circuit court denied the petition for writ of habeas corpus based on the written order of the county court.
On June 1, 1992, the defendant filed in this court a petition for writ of certiorari or habeas corpus. This court ordered a response on June 2, 1992. On June 3, 1992, the state attorney filed a no information because of the insufficiency of the evidence filed by the law enforcement agency. As a result of the "no information" decision the defendant was released from custody on June 3, 1992, and on June 4, 1992, as a response to the writ of certiorari, the State filed a copy of the no information notice stating that the issue of no bond was moot and the petition should be denied.
The State's action in stating they were not filing criminal charges against the defendant may moot[5] the bond issue in this court, but the circumstances impel us to narrate the facts and to state that we do not approve of a criminal justice practice that institutionally approves or permits a defendant being arrested for a misdemeanor not committed in the arresting officer's presence and then held in jail without bond with no formal charges being filed for 24 days. The injustice of the practice is illustrated by the fact that, in this case, when pressed at the appellate level, the State terminated the matter by declining to file formal criminal charges on the misdemeanor. It is questionable whether the police officer should have arrested the defendant without a warrant on a misdemeanor not committed in the police officer's presence but allegedly four days earlier, although the legislature has attempted to immunize *1336 the officer from liability.[6]
At the hearing on the petition for writ of habeas corpus, instead of "remanding" to the county court for the giving of formal written reasons by 8:45 a.m. on May 28, 1992, the circuit judge should have given the State the opportunity to file formal criminal charges against the defendant by that time and to have released the defendant from custody if the State did not file charges by that short date.
Everyone in the criminal justice system understands that "domestic violence" cases present a continuing problem. However, it is not one that is possible for law enforcement officers and courts to solve and it is not solved by the institutionalized practice that this case presents. The practice in this case certainly simplifies the problem from the viewpoint of officers and judges but cannot be squared with constitutional rights of citizens to not be held in jail without bond and without formal charges for longer than is absolutely necessary for a charge decision to be made. This is not a complicated case and there are only two witnesses who know (if they can and will recall) if and how and under what circumstances the husband committed a battery on the wife. The ability to make a reasonable, rational decision to file, or to not file, an information against the husband will not improve with time or investigation.
On June 3, 1992, the State decided the evidence was insufficient to warrant charges. This was the same evidence that on four occasions (May 11, and again on May 14, May 27 and May 28) judges had held sufficient to hold the defendant in jail without bail and without requiring an information to be filed.
Evidence insufficient to warrant the filing of criminal charges is insufficient evidence upon which to hold a citizen in jail without charges and without bail. The judicial decision to hold an accused in jail without charges and bail is no less significant and deserves no less time and factual basis than the executive decision to file, or not to file, formal criminal charges against a citizen being held in jail without bail. A prompt executive decision not only could have avoided five judicial considerations but is inherently more effective and just.
The judiciary should not accept the responsibility for citizens accused but not charged with crime remaining in jail without bond and should place that responsibility squarely where it belongs by requiring the executive officer with the charging decision making authority, by short date, to make its decision to file, or not to file, formal criminal charges based upon the facts on which the defendant was arrested, or the judiciary should forthwith set reasonable bail, or better, release the accused citizen from confinement.[7]
The petition for writ of habeas corpus in this court is denied as being a second request for the same relief in the circuit court and the petition for writ of certiorari is dismissed.
PETITION FOR WRIT OF HABEAS CORPUS DENIED; PETITION FOR WRIT OF CERTIORARI DISMISSED.
PETERSON, J., concurs.
DIAMANTIS, J., concurs in result only.
NOTES
[1] The entire factual statement in the police report is:

On 5-10-92 I responded to 2451 4th Street, in reference to a battery domestic violence. Upon my arrival, I met with the victim, who was highly emotional and disoriented, who stated that her husband (arrestee) had hit her on the back of the head on 5-6-92 and wanted to kill her. OCFD-Rescue squad responded Station # 82 and AMT Ambulance who transported the victim to Fla. East Hospital. Writer was unable to obtain a statement from the victim, but did obtain a witness statement from the arrestee her husband. Per the defendant's statement he states that he didn't hit her and that he doesn't know how her injury occurred. His statement suggests that the victim on 5-6-92 had been drinking Jack Daniels liquor on 5-6-92 and went into a damage property mood in there (sic) bedroom with her door locked. Defendant states that he never entered the room and left there after. Victim did have a bump on the rear lower neck. Rights phamphlet given to both parties. Defendant booked in CBO per battery (Dom. Viol.) and was very cooperative. [Emphasis in original].
[2] Citing to section 731.30 (sic) [see section 741.30] and section 784.046, Florida Statutes. Bond for a battery (§ 784.03, Fla. Stat.) not an incident of domestic violence is $500.00.
[3] This section, relating to an injunction involving domestic violence, provides for no criminal offense, and does not authorize the holding of a defendant in jail on a criminal charge without bail.
[4] This language in the rule is taken from language in Section 14, Art. I, Declaration of Rights, Florida Constitution.
[5] Mootness does not destroy an appellate court's jurisdiction when the questions raised are (1) of great public importance, (2) are likely to recur, or (3) if collateral legal consequences that affect the rights of the party flow from the issue to be determined. Godwin v. State, 593 So.2d 211 (Fla. 1992).
[6] We are aware of section 901.15(7)(a), Florida Statutes (1991), sections 784.046 and 741.30, the latter two statutes dealing with injunctive relief as a remedy for domestic violence.
[7] Neither the constitutional, statutory, nor rule provisions cited in this opinion, separately or together, were intended to authorize all persons arrested on misdemeanors involving domestic violence to be held in jail for 30 days without bond and without formal criminal charges being filed.