PER CURIAM.
Petitioner seeks review of the trial court’s order revoking his bond and committing him to pretrial custody.
Petitioner was charged with burglary of a conveyance and was released pursuant to a pretrial intervention program. Subsequently, while still in the pretrial intervention program, petitioner was charged with possession of a short-barreled shotgun and was released after posting a $1,000 bond. Thereafter, at a hearing on a motion for a defense continuance, the trial court revoked petitioner’s bond, indicating that it has a policy to refuse bond on charges allegedly committed while the defendant is already on release pending resolution of another criminal proceeding. The court did not find that petitioner is unlikely to appear in court for further proceedings.
The trial court’s stated policy is contrary to section 907.041, Florida Statutes (1991). See also and compare Gomez v. Hinckley, 473 So.2d 809 (Fla. 4th DCA1985); § 903.-046, Fla.Stat. (1991); Fla.R.Crim.P. 3.131(a). Accordingly, we agree with petitioner that habeas relief is appropriate.
We reject the state’s contention that the clerical mistake in petitioner’s address resulted in the revocation of bail. We also note that the state’s reliance on rule 3.131(f), Florida Rules of Criminal Procedure, is misplaced, as that rule is applicable only after trial has begun. Also, the dicta in Harp v. Hinckley, 410 So.2d 619 (Fla. 4th DCA1982), upon which the state relies was superseded by section 907.041, Florida Statutes (1991).
Accordingly, we grant the petition for writ of habeas corpus and remand with instructions to the trial court to hold a hearing and to set reasonable bond for petitioner within 48 hours of receipt of this opinion.
DOWNEY, GUNTHER and FARMER, JJ., concur.