617 So.2d 1100 (1993)
Dave SWANSON, Petitioner,
v.
Thomas ALLISON, Director, Orange County Corrections, Respondent.
No. 93-525.
District Court of Appeal of Florida, Fifth District.
April 26, 1993.
Steven G. Mason of Law Offices of Steven G. Mason, Orlando, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
Dave Swanson was arrested for "domestic violence battery," of which the statutory equivalent is simple battery. The judicial officer at first appearance detained Swanson and ordered a domestic violence investigation. Swanson filed a petition for writ of habeas corpus to obtain his pre-trial release. Although Swanson was subsequently released on bail after the investigation was completed, we issue this opinion because it addresses an issue of importance and is one that is likely to recur. See Martina v. State, 602 So.2d 1334, 1335 n. 5 (Fla. 5th DCA 1992).
The Constitution of the State of Florida provides that every person charged with a *1101 non-capital offense not punishable by life imprisonment is entitled to pre-trial release on reasonable conditions, unless no conditions of release can reasonably protect the community from risk of physical harm, assure the presence of the accused at trial, or insure the integrity of the judicial process. Art. I, § 14, Fla. Const. Before denying pre-trial release because of the threat of harm to the community, the court must make several findings, including that the present charge is a "dangerous crime." See § 907.041(4)(b)4., Fla. Stat. (1991). Although the legislature's definition of "dangerous crime" includes the felony offense of aggravated battery,[1] we find no constitutional or statutory authority for denying pre-trial release to one charged with misdemeanor battery, where the detention is based on a threat of harm finding.
The legislative intent with respect to domestic violence cases is that the court at first appearance consider the safety of the victim and the victim's minor children and exercise caution in releasing defendants. See § 741.2902(1), Fla. Stat. (1991). However, if section 741.2902(1) is being used to detain those charged with simple batteries arising out of domestic disputes, the statute is being unconstitutionally applied. In this case, the state did not even seek pre-trial detention. Therefore, the judge's failure at first appearance to determine reasonable conditions of release is even more troubling. See Fla.R.Crim.P. 3.132.
Although Swanson was arrested and charged with "domestic violence battery," there is no such statutory offense. It appears that certain law enforcement officials, prosecution units, and courts have in effect created the offense of "domestic violence battery" to place the burden on those arrested to demonstrate that pre-trial release would pose no threat of harm.
When a person is charged with a serious offense arising out of a domestic dispute, such as aggravated battery, we have no qualms with pre-trial detention if the state can prove the necessity for such action. However, any policy authorizing the denial of pre-trial release for those charged with simple battery based on a finding of potential harm is unconstitutional. If any judge at first appearance intentionally disregards this opinion and Martina, this court will take whatever action necessary to enforce compliance with constitutional precedent.
IT IS SO ORDERED.
GOSHORN, C.J., and COBB and THOMPSON, JJ., concur.
NOTES
[1] § 907.041(4)(a)3., Fla. Stat. (1991).