GRIFFIN, Judge.
The state seeks review by certiorari of two similar pretrial orders setting bond in two separate criminal prosecutions below. In both cases, it is alleged that the trial court has misapplied the law regarding bail for defendants charged with first degree felonies punishable by life.[1] The state contends that it presented sufficient evidence to establish either that the proof of guilt of both defendants was evident or the presumption great, which would warrant the court’s refusal to release either respondent on bond. The trial judge expressly ruled, however, that a court is bound to set bail for any defendant, even one charged with a first degree felony punishable by life unless the state makes the specialized showing contained in section 907.041(4)(b), Florida Statutes. The court cited two cases from other districts, Mininni v. Gillum, 477 So.2d 1013 (Fla. 2d DCA 1985) and Bradwell v. McClure, 488 So.2d 566 (Fla. 1st DCA 1986), and two cases from this district, Swanson v. Allison, 617 So.2d 1100 (Fla. 5th DCA 1993) and Martina v. State, 602 So.2d 1334 (Fla. 5th DCA 1992), as authority for his conclusion. This erroneous ruling constitutes a departure from the essential requirements of law requiring issuance of the writ.
In Mininni, the trial court determined that the proof of guilt was neither evident nor the presumption great. The only mention of section 907.041 in the opinion appears where the district court noted that it had never been suggested that the pretrial detention provisions of section 907.041 applied. In Bradwell, the defendant was charged with violating section 800.04(2), Florida Statutes, a second degree felony. Swanson and Martina both involved misdemeanors and do not suggest that the lower court may not exercise discretion to deny bail in cases where the charge is a first degree felony punishable by life.
In State v. Ajim, 565 So.2d 712 (Fla. 4th DCA 1990), the district court rejected the position that the discretion to deny bail had been removed absent proof of the factors in section 907.041(4)(b). The court held that *1052 “the criteria for denying bail set forth in section 907.041 are complementary to, and do not replace, the discretion of the court to deny bail, recognized in State v. Arthur, [390 So.2d 717 (Fla.1980) ], as to crimes punishable by death or life in prison where the proof is evident and the presumption great.” Id. at 712. See also Driggers v. Carson, 486 So.2d 25 (Fla. 1st DCA 1986).
In the ease of respondent Evans, the trial judge expressly determined, based on the substantial evidence and testimony presented, that the proof of Evans’ guilt was evident and the presumption great and that therefore, he had no right to pretrial release. A trial court still has discretion to grant or deny bad under such circumstances, however. It appears clear from the record below that the trial judge did not exercise his discretion in granting bail to Evans, but instead believed he had no discretion to refuse bail. Therefore, the petition for writ of certiorari is granted as to Evans and the trial court’s order is quashed, with the case remanded for further proceedings.
The case involving respondent Fox presents a somewhat different situation, since the lower court never found that the proof of guilt was evident or the presumption great. Nonetheless, the trial judge did state in that ease that he had no discretion to deny bail unless the state could present evidence to fulfill the criteria of section 907.041. In addition, the two victims testified against the defendant, so there was evidence upon which the trial judge could have denied bail. Accordingly, the trial court’s order in Fox is also quashed, and the case remanded for the trial judge to apply the correct law.
WRIT GRANTED.
DAUKSCH and COBB, JJ., concur.

. Article I, section 14 of the Constitution of the State of Florida provides that:
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.