719 So.2d 307 (1998)
Kevin HOUSER, Petitioner,
v.
Donald MANNING, Director Dade County Department of Corrections, Respondent.
No. 98-1737.
District Court of Appeal of Florida, Third District.
July 22, 1998.
Rehearing Denied November 4, 1998.
Charles G. White, Miami, for petitioner.
Robert A. Butterworth, Attorney General, and Sandra S. Jaggard, Assistant Attorney General, for respondent.
Before COPE, GODERICH and SORONDO, JJ.
COPE, Judge.
While released on bond on pending charges of armed robbery, petitioner-defendant Kevin Houser's bond was revoked for committing the new offense of carrying a concealed firearm. After a hearing, the trial court refused to set a new bond on the original charge of armed robbery. Defendant has petitioned for a writ of habeas corpus. We find no error and deny the petition.

I.
In November 1997, defendant was charged with armed robbery with a firearm. At his Arthur[1] hearing, the trial judge concluded that defendant was entitled to bond.[2] Defendant was released on $15,000 bond and house arrest. The pretrial release conditions included the statutory condition that defendant not engage in any criminal activity, see § 903.047(1)(a), Fla. Stat. (1997), as well as *308 the condition that defendant "not use, possess, or carry a firearm, gun, weapon, or ammunition."
In June 1998, defendant was arrested for carrying a concealed firearm. Bond was set at $5000 for the new offense. Defendant makes no complaint about the bond for the new offense.
Defendant's bond on the original offense of armed robbery was revoked. As we view the petition, defendant concedes (or at least does not dispute) that he violated the above-mentioned bond conditions.
Defendant filed a motion to reinstate bond, arguing that he was entitled, as a matter of right, to have a new bond set on the original armed robbery charge. After a hearing, the trial court denied the motion, finding that no conditions of release will assure the safety of the community. See Fla. Const. art. I, § 14. Defendant has petitioned for a writ of habeas corpus.
It is a statutory condition of all pretrial release, whether on bond or otherwise, that "[t]he defendant refrain from criminal activity of any kind ...." § 903.047(1)(a), Fla. Stat. (1997). The nonstatutory condition that defendant "not use, possess, or carry a firearm, gun, weapon, or ammunition" is entirely lawful and reasonable.
The Fifth District has said:
[T]here are situations where Florida's constitutional right to be released on bail can be forfeited upon conduct that "evinces a flagrant disregard of the court's authority or effort to evade its processes." ... [I]t is constitutionally permissible to revoke for cause a reasonable bail already granted and to then deny subsequent applications....
... The constitution ... grants reasonable, not unbridled, release. Should a defendant violate a reasonable condition to bail, bail can be revoked. Having been provided reasonable bail only to violate a condition thereof, a defendant cannot claim he has been deprived of his constitutional right to bail should the trial court reasonably deny subsequent applications for bail.

Gardner v. Murphy, 402 So.2d 525, 526 (Fla. 5th DCA 1981) (citations omitted; emphasis added).
The rule in Gardner represents the prevailing American view. "The constitutional authority to arrest and detain a defendant who has violated the conditions of release cannot be doubted. Indeed, the very idea of a defendant's release being conditioned is meaningless without the power to rescind the release when the conditions are violated." ABA Standards for Criminal Justice 10-5.7 cmt., at 10-93 (2d ed.1986) (footnote omitted); see also id. Standards 10-1.3, 10-5.8; Wayne R. LaFave & Jerold H. Israel, Criminal Procedure § 12.4, at 613 (2d ed. 1992) ("[A] statute declaring that a felony defendant released on bail may have his bail revoked upon a showing he has committed another felony has been upheld. Indeed, it has been held that it is within the inherent power of a court to impose a release condition that the defendant not engage in further serious criminal conduct, and that revocation for violation of the condition is thus permissible even absent such a statutory provision."); 8A Am.Jur.2d Bail and Recognizance § 104, at 391 (1997) ("The power to enforce reasonable conditions of release is a necessary component of a trial court's jurisdiction over a criminal case."), and cases cited therein; State v. Ayala, 222 Conn. 331, 610 A.2d 1162, 1171-72 (1992) ("Revocation of the defendant's release did not encroach upon his constitutional right to be released on bail. The defendant's failure to abide by the conditions of his release resulted in a forfeiture of his right to release.... As one court noted, in effect, `the keys to continued freedom [were] left in the pocket of the accused.'") (footnote and citation omitted); State v. Holmes, 57 Ohio St.3d 11, 564 N.E.2d 1066, 1069 (1991) ("The breach of a condition of release provides an adequate basis to revoke the release."); 3A Charles A. Wright, Federal Practice and Procedure § 769, at 150 (1982) (provision in Federal Rules of Criminal Procedure authorizing revocation of bail was repealed, "but since the language had merely embodied the court's preexisting inherent power to enforce its own orders by revoking bail, the power to revoke at any time still exists. Thus any order releasing a person, *309 whether on bail or on other conditions, may be revoked or modified on a showing of sufficient reason for this action.") (footnotes omitted).
Defendant acknowledges that commission of a new crime is a basis for revocation of bond, but contends that any such revocation may only be temporary. Defendant argues that upon application to the court, the court was required to set a new bond on the original charge of armed robbery. We do not agree with defendant's analysis.
Once a defendant's bond has been properly revoked for a violation of a bond condition, the question whether to grant any further bond is addressed to the sound discretion of the trial court. See Gardner, 402 So.2d at 526. The situation is analogous to that in State v. Arthur, 390 So.2d 717 (Fla. 1980), where a defendant has been charged with a nonbondable offense, and the proof of guilt is evident or presumption great. In such a circumstance, the defendant "is not entitled to release on bail as a matter of right." Id. However, "the accused may still come forward with a showing addressed to the court's discretion to grant or deny bail." Id. at 719. Likewise, in the present case, defendant forfeited the right to bail by breaching the bond conditions, but he was still entitled to come forward with a request to be readmitted to bail in the court's discretion. The trial court's ruling on the defendant's request to be readmitted to bail is then reviewable for abuse of discretion.
Here, defendant was free on bond on the charge of armed robbery. He was thereafter found to be carrying a concealed firearm, a serious felony which violated the statutory condition that defendant refrain from criminal activity, as well as the particularized condition that defendant not carry a firearm. In the case of a minor bond violation, particularly of a noncriminal nature, the court may want to reinstate bondbut this was a substantial criminal violation on which refusal of any further bond was well warranted. The trial court's denial of any further bond was entirely reasonable.

II.
Defendant contends that he is entitled to release on bond under the rule announced in State ex rel. Neicen v. Navarro, 603 So.2d 136 (Fla. 4th DCA 1992). Defendant misinterprets that case. In Neicen, defendant was charged with burglary (case number one) and was released to a pretrial intervention program. See id. at 136. Thereafter, he was charged with possession of a short barreled shotgun (case number two) and was released after posting a $1000 bond. See id. At a subsequent hearing on a motion for continuance in case number two, the trial court revoked the $1000 bond, "indicating that it has a policy to refuse bond on charges allegedly committed while the defendant is already on release pending resolution of another criminal proceeding." Id. The Fourth District granted habeas corpus relief and directed the trial court to set a reasonable bond on case number two. The Neicen case has no application here. The issue in the present case is revocation of bond on the original crime (armed robbery). The Neicen case does not speak to that issue.
Defendant also relies on Merdian v. Cochran, 654 So.2d 573 (Fla. 4th DCA 1995). Defendant reads Merdian to hold that even after breach of a bond condition, a defendant must be readmitted to bond unless he meets the criteria for detention without bond under the pretrial detention statute, section 907.041, Florida Statutes.
In Merdian, the Fourth District set aside a bond revocation and ordered a further hearing on defendant's application to be readmitted to bond. See id. at 576. The court expressed doubt that the defendant had, in reality, violated a condition of the bond. See id. at 575. The case appears to have been litigated on the unexamined assumption that the only basis for refusing readmission to bond would be if the defendant qualified for pretrial detention under section 907.041, Florida Statutes. See 654 So.2d at 575-76 & n. 2.
The Fourth District remanded for a further hearing because the trial court had refused to consider the possibility of release with new conditions. See id. at 575. However, after giving the defendant a full opportunity *310 to be heard, denial of renewed bond remained an option available to the trial court. See id. at 576. Indeed, the concurring judge thought the pretrial detention statute had already been satisfied, except for the trial court's failure to make statutory findings. See id. at 576-78 (Glickstein, J., concurring).
Notably absent from Merdian and its progeny, see Lepore v. Jenne, 708 So.2d 980 (Fla. 4th DCA 1998); Blackman v. State, 707 So.2d 820 (Fla. 4th DCA 1998); Surdovel v. Jenne, 706 So.2d 115 (Fla. 4th DCA 1998); Dupree v. Cochran, 698 So.2d 945 (Fla. 4th DCA 1997); Metzger v. Cochran, 694 So.2d 842 (Fla. 4th DCA 1997), is any indication that the Fifth District's Gardner decision was argued or considered. This is important because the Fourth District has previously cited Gardner with approval. See Gomez v. Hinckley, 473 So.2d 809, 810 (Fla. 4th DCA 1985). In Gomez, the court listed Gardner as representing one of the exceptional circumstances in which a defendant could be denied bail, even though not charged with capital offense or crime punishable by life imprisonment. See id. It may very well be that the Fourth District would follow Gardner if argued by the litigants, but there is no indication that such an argument was made in the Merdian line of cases. We are therefore not sure that Merdian represents the final word in Fourth District case law.
In any event, we find Gardner persuasive and follow it. "There is no reason ... why... a defendant [who has committed a new criminal offense while released on bond] should then be conditionally released again in revolving door fashion." ABA Standards for Criminal Justice 10-5.8 cmt., at 10-94.

III.
By arguing that bond may not be denied unless the State establishes the need for pretrial detention under section 907.041, defendant in essence is arguing that the purpose of section 907.041 was to curtail the power of the court to revoke bond where a defendant breaches a bond condition. That is not so.
As explained in Gomez, prior to the 1982 constitutional amendment, Florida's constitutional right to bail provided for "release on reasonable bail ... unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great." Fla. Const. art I, § 14 (1968); Gomez, 473 So.2d at 810.
This meant that "with rare exception, only persons charged with capital offenses or offenses punishable by life imprisonment could be denied release on bail." Gomez, 473 So.2d at 810. Gomez cited, as one of the already-recognized "rare exception[s]," the Fifth District's Gardner decision, see id., which authorized denial of renewed bail where a previously-released defendant violated a bond condition. Thus it was already recognized, prior to the 1982 constitutional amendment, that bond could be revoked, and future bond denied, for breach of a bond condition.
In 1982, the Constitution was amended, and section 907.041 enacted, in order to allow the courts to deny bond in some cases which formerly had been entitled to bond. See Gomez, 473 So.2d at 810.[3] Section 907.041 implemented the constitutional amendment, see Gomez, 473 So.2d at 810, and announced "the policy of the State that persons committing serious criminal offenses, posing a threat to the safety of the community or the integrity of the judicial process, or failing to appear at trial be detained upon arrest." § 907.041(1), Fla. Stat. (emphasis added).
There is not the slightest indication that the 1982 enactments were intended to cut back on the court's power to enforce bond *311 conditions, and revoke bond where bond conditions have been breached. Indeed, it has been explicitly held that section 907.041 is complementary to, and does not replace, a trial court's already-existing power to deny bail. See State v. Ajim, 565 So.2d 712 (Fla. 4th DCA 1990); see also State v. Fox, 647 So.2d 1051, 1051-52 (Fla. 5th DCA 1994); Driggers v. Carson, 486 So.2d 25, 25-26 (Fla. 1st DCA 1986).
It is true that one portion of section 907.041 authorizes the refusal of bond where it is shown "that ... [t]he defendant has previously violated conditions of release and that no further conditions of release are reasonably likely to assure the defendant's appearance at subsequent proceedings ...." § 907.041(4)(b)1, Fla. Stat.[4] The clearest use of this subdivision would be where bond is opposed on the current offense because the defendant became a fugitive while released on bond for a previous offense. Because the pretrial detention statute can be invoked by the State at any time prior to trial, see Fla. R.Crim. P. 3.132(b), theoretically the State could also invoke this portion of the statute in order to oppose further bond where the defendant had previously been released and then rearrested for breach of a bond condition. However, while that is one option which may be available to the State in a proper case, it is complementary to, and does not replace, the trial court's already-existing power to enforce bond conditionsespecially statutory conditionsand to deny further bail where a bond condition has been breached. See Ajim, 565 So.2d at 712.

IV.
The State argues alternatively that it should be allowed to move to reopen the Arthur hearing because of changed circumstances. At the time of the original Arthur hearing, it was clear that defendant had committed a strong-arm robbery because, among other things, he had confessed to doing so. However, he denied the use of a firearm and the police had not recovered a firearm when they arrested defendant shortly after the robbery. Thereafter, while defendant was free on bond he was arrested for carrying a concealed firearm. The State advises that the robbery victim has now identified the firearm recovered from defendant as being the weapon used in the robbery. That being so, we agree that the State is entitled to move to reopen the Arthur hearing. See Fla. R.Crim. P. 3.131(d)(2); Keane v. Cochran, 614 So.2d 1186, 1187 (Fla. 4th DCA 1993).

V.
The petition for writ of habeas corpus is denied.
NOTES
[1] State v. Arthur, 390 So.2d 717 (Fla. 1980).
[2] Robbery with a firearm is punishable by life imprisonment see § 812.13(2)(a), Fla. Stat. (1997), and thus bond may be denied if "the proof of guilt is evident or the presumption is great...." Fla. Const. art. I, § 14 (amended 1982). Based on the facts adduced at the Arthur hearing, the trial court concluded that the proof was evident that defendant had committed a strong-arm robbery, but that, owing to equivocal proof about the use of a firearm, the proof was not evident nor presumption great that defendant committed the robbery with a firearm. That being so, the court ruled that defendant was entitled to release on bail.
[3] Effective January 1, 1983, article I, section 14 stated:

SECTION 14. Pretrial release and detention.Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation or municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
[4] Some courts take the position that the commission of an additional criminal act while the defendant is released on bond creates, in and of itself, a greater risk of nonappearance at trial, thus justifying revocation of bond. See State v. Ayala, 610 A.2d at 1172; Mello v. Superior Court, 117 R.I. 578, 370 A.2d 1262, 1264 (1977).