654 So.2d 573 (1995)
William MERDIAN, Petitioner,
v.
Ron COCHRAN, Sheriff of Broward County, Florida, and Judge Barry Goldstein, Circuit Court Judge, Seventeenth Judicial Circuit, Respondents.
No. 95-0789.
District Court of Appeal of Florida, Fourth District.
April 7, 1995.
*574 Kevin J. Kulik, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee and Anne Carrion Pinson, Asst. Atty. Gen., West Palm Beach, for respondent.
WARNER, Judge.
In petitioning for a writ of habeas corpus, petitioner alleges that the court improperly revoked his bond. We agree that the trial court failed to follow the correct procedure and quash the order revoking bond.
Petitioner was charged with two counts of sexual activity with a minor under the age of eighteen. The minor involved was his stepdaughter, age seventeen and a half at the time of the alleged incident. It is unclear from the record when he was charged with the crime, but the incident had been under investigation for at least eight or nine months. Petitioner's wife, the mother of the victim, had moved out of their home in June of last year, apparently as a result of the incident. No divorce petition had been filed, although one was contemplated. (The wife testified that she was waiting for the outcome of the criminal proceedings.) The state attorney apparently was aware of the accusations for a substantial period of time without filing charges. When arrested, petitioner was released on a $15,000 bond. The petitioner occupies a very responsible position in city government and has never been charged before with any crime, nor even a traffic offense.
About a week prior to the hearing in this case at which the trial court revoked the bond, petitioner's wife left a message on his answering machine indicating that she needed to talk with him and would call back. She did not call back when she said she would, and two days later petitioner called her. When he asked her why she was "doing this to me," she responded that she was not doing anything, that he did it to himself. He then said that he would get her for this, at which point she hung up. It was this phone call which prompted the state attorney to file a notice of hearing for a motion revoking petitioner's bond. No motion was ever filed.
At the hearing, the wife testified to the foregoing facts and was also allowed to testify over objection to an alleged conversation the daughter claimed to have had with the petitioner. She testified that the daughter told her that petitioner had brandished a gun threatening the daughter, the mother, and the grandmother if the daughter told anyone about their sexual encounter. Although this incident occurred prior to the mother moving out of the marital home, it was not relayed by the daughter to the mother until after the telephone call incident. While the daughter, now over nineteen, was in court at the time of the hearing to revoke bond, she did not testify to this incident.
After hearing the evidence, the trial court revoked the petitioner's bond, citing the telephone call and the alleged threat at the end of it together with the fact that if convicted the petitioner could serve time in prison thus giving him a reason to possibly carry out a threat. The court did not mention the gun incident. Petitioner then filed for a writ of habeas corpus.
The only authority for revoking a bond is found in Florida Rule of Criminal Procedure 3.131(f) which states:
The court in its discretion for good cause, any time after a defendant who is at large on bail appears for trial, may commit the defendant to the custody of the proper official to abide by the judgment, sentence, and any further order of the court.
*575 In the instant case, the bond was revoked prior to trial. As such, the underlined condition was not satisfied, and thus the court had no authority to revoke the bond of petitioner.
Instead, the respondent argues that what in effect the trial court did was to incarcerate petitioner under Florida Rule of Criminal Procedure 3.131(g).[1] That section provides that a court may direct the arrest and commitment of a defendant at large on bail when one of several conditions occur, the pertinent conditions to this case being either (1) a breach of the undertaking, Florida Rule of Criminal Procedure 3.131(g)(1); or (2) the court is satisfied that the bail should be increased or new or additional security required. Fla.R.Crim.P. 3.131(g)(3). Under these sections, however, the order for arrest and commitment must recite the facts on which it is based, which was not done in this case. Moreover, if recommitment is ordered, the court shall determine conditions of release, if any, subject to the requirements of Rule 3.131(b). See Fla.R.Crim.P. 3.131(h). While the petitioner requested new conditions, the court did not consider the request or make any finding that no conditions would protect the community from the risk of physical harm and assure the presence of the petitioner at trial.
The state argues that the petitioner breached a condition of the bond, namely that the defendant refrain from criminal activity, contending that the phone call was witness tampering. Assuming without deciding that "I'm going to get you for this" is a threat made with the specific intent to influence the testimony of the wife, the trial court did not consider whether any conditions of release would protect the community and the witnesses and assure the defendant's appearance at trial. The Rules of Criminal Procedure provide clearly that unless charged with a capital felony or an offense punishable by life imprisonment, a circumstance not present here, "every person charged with a crime ... shall be entitled to pretrial release on reasonable conditions." Fla.R.Crim.P. 3.131(a). Only where no conditions of release can reasonably protect the community from the risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, may the accused be detained.[2]Elderbroom v. Knowles, 621 So.2d 518 (Fla. 4th DCA 1993).
We cannot consider this omission harmless in this case, because it appears to us from the record that there is evidence which would support release. The petitioner has no criminal record at all. He has a good job and strong ties to the community. He and his wife have been separated for over six months with no incidents of intimidation or harassment.[3] In fact she testified that he knew not to call her, although she merely assumed that there was some sort of prohibition against it. In any event there was no testimony that he had attempted to contact her at any other time during this period. Moreover, she conceded in her testimony that he did not initiate the contact with her in issue here. Instead she left a message that she needed to talk with him. As to more specific allegations of physical danger, the only threatening behavior was the hearsay testimony given by the wife that petitioner had threatened her daughter with a gun long prior to the telephone call and prior to his arrest. While this is a significant threat, there was no evidence that any improper contact occurred with the victim since the *576 alleged incident over six months ago, and even since he was released on bond after his arrest over a month before the hearing.
The revocation of the petitioner's bail in the manner it was accomplished in this case did not comply with either the statute or the rule. The petitioner has a constitutional right to pretrial release on reasonable conditions. Art. I, § 14, Fla. Const. The petitioner is entitled to have the court reconsider bail and conditions of release even if recommitment is ordered as a result of the breach of the bond condition. See Fla.R.Crim.P. 3.131(h). It is the state's burden to prove the need of pretrial detention. Section 907.041(4)(f), Fla. Stat., which it must show beyond a reasonable doubt. See Fla. R.Crim.P. 3.132(c)(1). Because the state and the court failed to follow the relevant statutes and rules in depriving the petitioner of his constitutional right, we vacate the order revoking the bond and remand to the trial court for a further immediate hearing consistent with the opinion.
GUNTHER, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I would grant the habeas petition but only for the limited purpose of remand to the trial court for entry of a written order of commitment and pretrial detention pursuant to section 907.041, Florida Statutes (1993), and subsections (g) and (h) of Florida Rule of Criminal Procedure 3.131.
Notwithstanding the improper terminology and sections used in the proceeding below, the trial court attempted to render an appropriate decision based on the record. There is no record basis to conclude that the trial court did not proceed essentially in accordance with the statute and rule. Furthermore, the above statute should be, in my view, our substantive concern and should have been the state's and the trial court's as well.
Section 907.041(1) establishes the legislative policy of this state which the judiciary is to follow, absent some constitutional obstruction. It provides, in part, as follows:
(1) LEGISLATIVE INTENT.  It is the policy of this state that persons committing serious criminal offenses, posing a threat to the safety of the community or the integrity of the judicial process, or failing to appear at trial be detained upon arrest. However, persons found to meet specified criteria shall be released under certain conditions until proceedings are concluded and adjudication has been determined. The Legislature finds that this policy of pretrial detention and release will assure the detention of those persons posing a threat to society while reducing the costs for incarceration by releasing, until trial, those persons not considered a danger to the community who meet certain criteria. It is the intent of the Legislature that the primary consideration be the protection of the community from risk of physical harm to persons. (Emphasis added).
Subsection (4)(b)(2) says:
(b) The court may order pretrial detention if it finds a substantial probability, based on a defendant's past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that:
... .
2. The defendant, with the intent to obstruct the judicial process, has threatened, intimidated, or injured any victim, potential witness, juror, or judicial officer, or has attempted or conspired to do so, and that no condition of release will reasonably prevent the obstruction of the judicial process.
Petitioner is charged with two counts of sexual activity with a child under eighteen, his stepdaughter, who was 17 1/2 years of age at the time of the alleged incident. Petitioner had been released on $15,000 bond. The state moved to revoke bond after petitioner's wife of less than three years notified police that petitioner had threatened her in a telephone conversation the previous week.
At the hearing, which the stepdaughter attended, petitioner's wife testified that during *577 the above phone conversation with petitioner the following conversation transpired:
[WIFE]: He says, "Robin, why are you doing this to me?" I said, "Bill, I'm not doing anything to you. You did this to yourself. I had nothing to do with it. You need to talk to your sister because she was very upset about every thing that has happened. I had talked to her."
I said, "I didn't do anything." He says, "You can't do this to me." I said, "I didn't do anything to you, otherwise I'd be the one in court and you wouldn't." He says, "Do you realize I'm going to face fifteen years to life for this?" I says, "Bill, I did not do this to you. You did this to yourself."
With that, he says, "I will get you back." And then I slammed the phone down.
... .
[PROSECUTOR]: Let me ask you what effect the telephone call had on your feelings about your safety and your ability to proceed as a witness against William Merdian in this criminal prosecution?
[WIFE]: I was very afraid and I want to live my life. I don't, after eight months of everything I've been through, I don't want 
[DEFENSE COUNSEL]: Objection to what she wants, your Honor.
THE COURT: Overruled.
[WIFE]: After eight months of everything I've been through, my life was just getting on track again. I don't want to be harassed. I don't want to live afraid of him. I don't want it no more.
Subsection (4)(g) of the statute permits "relevant evidence without complying with the rules of evidence." The wife testified about a conversation that she had with her daughter:
In the conversation, she told me that he had held a gun to her head and told her if she told me anything about what has been going on he would kill me, her grandmother, her, and everyone else in the family that he could get a hold of.
A Davie detective, called to testify about his investigation the week before the hearing, said:
Yes, I was paged Thursday morning of last week around 6:00 in the morning. I called Mrs. Merdian back and she was very upset, petrified, about what the conversation that ensued was and the possible consequences in the future. At which point in time, I took a statement from Mrs. Merdian and then we started some police protection for her.
Subsection (4)(h) of the statute provides:
The pretrial detention order of the court shall be based solely upon evidence produced at the hearing and shall contain findings of fact and conclusions of law to support it. The order shall be made either in writing or orally on the record. The court shall render its findings within 24 hours of the pretrial detention hearing.
At the end of the hearing, the trial court said:
I'm very concerned about the last thing that he said before he hung up. The phone call, itself, is just mildly disturbing. The other things he said during the phone call were mildly disturbing, but the last thing he said was greatly disturbing. And it disturbs me to the point that I am going to grant the State's motion. I'm going to revoke the bond.
I'm considering not only that, but I'm also considering the fact that the guidelines range are four and a half years in state prison to nine years. I thought maybe it was lower than that, but that gives him reason to possibly carry out a threat.
Evidently, he hasn't been arraigned yet?
The majority opinion recites "facts" supportive of the defendant which are not based on any testimony  admissible or otherwise, but only on the argument of the defendant's lawyer.
What the factual record does establish is the wife's fears:
I don't care what happens to him. I want him to stay away from me and my children, that's all I ask. I don't care what *578 happens to him. I don't want him to do this to someone else.
This court should pride itself on looking after the rights of defendants; therefore I compliment the majority upon its concerns. In this case, however, I believe the record establishes that the focus is better directed at the wife's testimony and the reasonableness of the trial court's decision. I disagree with the majority that the trial court did not consider whether any conditions of release would protect the community and the witnesses and assure the defendant's appearance at trial. There is nothing in the record to support such a conclusion. As the only discernable defect is a lack of a written order of commitment and pretrial detention in accordance with the rule and statute, I would grant the petition for the limited purpose of remand for entry of such an order.
NOTES
[1] The state refers to Florida Rule of Criminal Procedure 3.131(f)(1) when in fact it is reciting language from 3.131(g)(1). There is no sub-division (1) of Rule. 3.131(f).
[2] See also Art. I, § 14 Fla. Const.; Fla. Stat. § 907.041(3): "It is the intent of the Legislature to create a presumption in favor of release on nonmonetary conditions for any person who is granted pretrial release." In addressing pretrial detention, the legislature also permitted the court to order pretrial detention where a defendant "with the intent to obstruct the judicial process, has threatened, intimidated, or injured any victim, potential witness, ... and that no condition of release will reasonably prevent the obstruction of the judicial process." Fla. Stat. § 907.041(4)(b)2. Thus, both the rules and the statutes require that the court make an assessment as to whether any reasonable conditions of release could prevent the obstruction of the judicial process.
[3] The record reflects that these statements about petitioner, relayed to the court by petitioner's lawyer, were not contested in any way by the state, either at trial or in this court.