694 So.2d 842 (1997)
Matthew METZGER, Petitioner,
v.
Ron COCHRAN, Sheriff of Broward County, Florida, Respondent.
No. 97-1592.
District Court of Appeal of Florida, Fourth District.
May 29, 1997.
Bruce D. Lincoln, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
In his petition for writ of habeas corpus, Petitioner asserts that the trial court erred in granting the State's motion to revoke bond on two unlawful blood alcohol manslaughter counts and ordering him held without bond after a positive urine test for cannabis confirmed he violated a condition of pretrial release, imposed with Petitioner's agreement in lieu of additional bond. We agree and grant the writ.
The State argued that Petitioner qualified for pretrial detention because he posed a threat to the community, but conceded to the trial court that none of the conditions of section 907.041(4)(b)4.a-c, Florida Statutes (Supp.1996), applied. The trial court was under the impression that because Petitioner had agreed to certain conditions and had violated one of them, his bond could be revoked and he could be held without bond, without any further consideration of whether he was entitled to pretrial release. The trial court's order did not include the pretrial detention findings required by Florida Rule of Criminal Procedure 3.132(c)(2) and section 907.041(4)(h).
The trial court has the authority under Florida Rule of Criminal Procedure 3.131(g)(1) to arrest and commit a defendant at large on bail for a breach of the undertaking; however, refusing to impose any conditions of release thereafter constitutes pretrial *843 detention, the need for which the State must prove, § 907.041(4)(f), beyond a reasonable doubt, Fla. R.Crim. P. 3.132(c)(1). Merdian v. Cochran, 654 So.2d 573, 576 (Fla. 4th DCA 1995). While a finding of danger to the community can be used as a factor in determining bail or other conditions, Fla. R.Crim. P. 3.131(b)(3), it cannot be the entire basis for pretrial detention, see § 907.041(4)(b)4.a-c. See also State ex rel. Neicen v. Navarro, 603 So.2d 136 (Fla. 4th DCA 1992); Carthen v. Wille, 602 So.2d 696 (Fla. 4th DCA 1992); Gomez v. Hinckley, 473 So.2d 809 (Fla. 4th DCA 1985); Furtney v. State, 679 So.2d 68 (Fla. 5th DCA 1996).
Accordingly, we vacate the order granting the State's motion to revoke bond and remand for further proceedings, in which the trial court should consider whether there are any conditions of release that can assure the safety of the community. If the trial court again determines that pretrial detention is necessary, it shall include the findings required by rule 3.132(c)(2) and section 907.041(4)(h) in its order.
FARMER, STEVENSON and GROSS, JJ., concur.