698 So.2d 945 (1997)
Kent DUPREE, Petitioner,
v.
Ron COCHRAN, as Sheriff of Broward County, Florida, Respondent.
No. 97-3039.
District Court of Appeal of Florida, Fourth District.
September 17, 1997.
*946 Alan H. Schreiber, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Donald M. Schultz, Assistant Attorney General, West Palm Beach, for respondent.
FARMER, Judge.
We grant the writ of habeas corpus for failure of the trial judge to state with specificity the facts on which she revoked petitioner's bond and her reasons therefor. On remand, if the trial judge concludes that the state has proved beyond a reasonable doubt the need for pretrial detention because no conditions can be set to protect the public and insure the petitioner's appearance for trial and that bond must therefore stand revoked, she shall comply with our decisions in Metzger v. Cochran, 694 So.2d 842 (Fla. 4th DCA 1997), and Merdian v. Cochran, 654 So.2d 573 (Fla. 4th DCA 1995).
In this case, it appears that while petitioner was released on bond he failed to appear for a status conference and was arrested on new charges similar to that for which he was on release. Even concluding that the record reflects that the trial judge had apparently previously forgiven his failure to appear for the status conference as inadvertent, we cannot say categorically that the new arrest and the previously forgiven failure to appear together would not support revocation of bond and resulting pretrial detention.
If petitioner is to be held without bond, however, the trial court must engage in the analysis set out in Metzger and Merdian. As we said in Merdian:
"The only authority for revoking a bond is found in Florida Rule of Criminal Procedure 3.131(f) which states:
The court in its discretion for good cause, any time after a defendant who is at large on bail appears for trial, may commit the defendant to the custody of the proper official to abide by the judgment, sentence, and any further order of the court.
In the instant case, the bond was revoked prior to trial. As such, the underlined condition was not satisfied, and thus the court had no authority to revoke the bond of petitioner.
"Instead, the respondent argues that what in effect the trial court did was to incarcerate petitioner under Florida Rule of Criminal Procedure 3.131(g). That section provides that a court may direct the arrest and commitment of a defendant at large on bail when one of several conditions occur, the pertinent conditions to this case being either (1) a breach of the undertaking, Florida Rule of Criminal Procedure 3.131(g)(1); or (2) the court is satisfied that the bail should be increased or new or additional security required. Fla. R.Crim.P. 3.131(g)(3). Under these sections, however, the order for arrest and commitment must recite the facts on which it is based, which was not done in this case. Moreover, if recommitment is ordered, the court shall determine conditions of release, if any, subject to the requirements of Rule 3.131(b). See Fla.R.Crim.P. 3.131(h). While the petitioner requested new conditions, the court did not consider the request or make any finding that no conditions would protect the community from the risk of physical harm and assure the presence of the petitioner at trial." [emphasis omitted].
654 So.2d at 574-575. The procedural facts in this case are identical to Merdian. The only possible bases here to revoke bond are the previous failure to abide by the condition to appear at the status conference and the subsequent arrest on new charges. The petitioner suggested that the court consider new conditions of the bond designed to protect the public and secure his reappearance, but the court refused, however, to consider any additional conditions of the bond. Moreover, the state failed to meet its burden of adducing any evidence showing beyond a reasonable doubt that pretrial detention is necessary because no conditions can be crafted to satisfy the public interest.
*947 We conclude that the trial judge's handling of the revocation of bond is in error for the same reasons discussed in Merdian and thus remand for consistent treatment.
GUNTHER and SHAHOOD, JJ., concur.