708 So.2d 980 (1998)
Vincent LEPORE, Petitioner,
v.
Kenneth JENNE, as Sheriff of Broward County, Respondent.
No. 98-0604.
District Court of Appeal of Florida, Fourth District.
March 19, 1998.
H. Scott Hecker of Law Offices of H. Scott Hecker, P.A., Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
We grant Petitioner's petition for writ of habeas corpus, in which he asserts that the trial court erred in granting the state's motion to rearrest and recommit, directing that he be held without bond pending trial on charges of aggravated stalking.
After his arrest, Petitioner was released on condition he have no contact with the victim. Petitioner had also been enjoined from contacting the victim by a restraining order she had obtained, which remains in effect until August 1998. At the hearing on the state's motion, after hearing conflicting testimony including the victim's testimony that Petitioner had repeatedly telephoned her on three different dates, the trial court believed the state's witnesses and concluded that Petitioner had "willfully and substantially" violated the conditions of pretrial release by repeatedly contacting the victim by telephone.
*981 Petitioner filed the instant petition after the trial court orally announced his detention based on the trial court's finding that no condition of pretrial release could assure that Petitioner would not violate this condition of pretrial release. The amended written order which has been provided to this court by both parties contains the trial court's finding that no condition of pretrial release can assure compliance with the trial court's order or assure that the victim is not harassed or stalked by the defendant.
While a defendant who has been released on bail may be arrested and committed for violating a condition of pretrial release pursuant to Florida Rule of Criminal Procedure 3.131(g)(1), the trial court may not thereafter refuse to impose any conditions of release unless the state proves, see § 907.041(4)(f), Fla. Stat. (1997), beyond a reasonable doubt, see Fla. R.Crim. P. 3.132(c)(1), the need for pretrial detention. See Metzger v. Cochran, 694 So.2d 842 (Fla. 4th DCA 1997); Merdian v. Cochran, 654 So.2d 573, 576 (Fla. 4th DCA 1995).
In Metzger, this court noted that while danger to the community is a factor which the trial court may consider in determining bail or other conditions of pretrial release, it cannot be the entire basis for pretrial detention. 694 So.2d at 843.
The primary consideration in ordering pretrial detention is "the protection of the community from risk of physical harm to persons." § 907.041(1), Fla. Stat. (1997). It is hard to understand how telephone contact, no matter how unpleasant, can constitute physical harm to the victim or to anyone else in the community. Moreover, the statute further provides that the trial court may order pretrial detention when it finds a substantial probability of the existence of one of the four circumstances specified in section 907.041(4)(b).
Section 907.041(4)(b)1 relates to violations of pretrial releasebut it requires a finding "that no further conditions of release are reasonably likely to assure the defendant's appearance at subsequent proceedings." § 907.041(4)(b)1. Here, the court made no such finding, and no evidence presented at the hearing would have supported one.
The second circumstance requires a finding that "[t]he defendant, with the intent to obstruct the judicial process, has threatened, intimidated, or injured any victim ... or has attempted or conspired to do so, and that no condition of release will reasonably prevent the obstruction of the judicial process." § 970.041(4)(b)2. The trial court did not make a finding that Petitioner had acted in a way so as to threaten to obstruct the judicial process.
The third circumstance relates to drug trafficking, see § 907.041(4)(b)3, which has no application to this case.
The fourth and final circumstance which can justify pretrial detention is "threat of harm to the community," § 970.041(4)(b)4. Ordering pretrial detention based on this circumstance, however, requires a further finding, namely, the presence of at least one of three additional conditions: (1) previous conviction of a crime punishable by death or life in prison, (2) conviction of a dangerous crime within ten years preceding arrest for the instant crime, or (3) being on some type of release at the time of the current arrest. See § 907.041(4)(b)4.a, b, & c. The trial court did not make a finding as to any of these additional conditions; nor is there support for any of them in the transcript.
A pretrial detention order must be based solely on facts presented at the hearing. See § 907.041(4)(h). In the instant case, neither the transcript nor the amended order contains findings of fact and conclusions of law supporting pretrial detention based on any of the four circumstances specified in the statute. While the trial court did make findings on which the pretrial detention was based, these findings are not sufficient to justify pretrial detention under the statute. See § 907.041(4)(b).
Accordingly, we grant the petition, vacate the amended order, and direct the trial court to consider whether there are any conditions of release that can assure the safety of the community. If the trial court again decides to detain Petitioner pending trial, it shall include the findings required by rule *982 3.132(c)(2) and section 907.041(4)(h) in its order, including findings as to at least one of the four circumstances specified in section 907.041(4)(b).
GLICKSTEIN, DELL and FARMER, JJ., concur.