PER CURIAM.
By previous order, we granted Zenon Martinez’ writ of habeas corpus and directed the trial court to hold a hearing to consider pretrial release on bond or other reasonable conditions. This opinion follows.
Martinez is charged with felony driving with a suspended license. He obtained a continuance of his trial and permission to leave the country to visit his son, but failed to appear in court on the new trial date. After his arrest on the warrant that was issued when he failed to appear, Martinez filed a motion with the trial court for pretrial release.
At the hearing on Martinez’ motion, the State took no position on the question of whether there were any reasonable conditions of release that would guarantee Martinez’ appearance at trial. Based on a review of Martinez’ traffic court record, the trial court made the finding that “for the most part, he shows for his tickets but he doesn’t bother to pay them.... ” The court denied Martinez’ motion.
The trial court has the authority to arrest and commit a defendant on pretrial release for failure to appear in court; however, refusing to impose any conditions of release thereafter constitutes pretrial detention, the need for which the State must prove beyond a reasonable doubt. Section 907.041, Fla. Stat. (1997); Fla. R.Crim. P. 3.131; 3.132 (1998). Where, as here, the defendant is held without bond on an offense which is not designated a “dangerous crime,” the State must prove that there are no reasonable conditions of release that would secure the defendant’s appearance at trial. Dupree v. Cochran, 698 So.2d 945 (Fla. 4th DCA 1997). Cf. Surdovel v. Jenne, 706 So.2d 115 (Fla. 4th DCA 1998); Metzger v. Cochran, 694 So.2d 842 (Fla. 4th DCA 1997); Merdian v. Cochran, 654 So.2d 573 (Fla. 4th DCA *1025 1995). Because the State offered no such evidence in this case, the pretrial detention-order cannot stand.
DELL, STEVENSON and TAYLOR, JJ., concur.