728 So.2d 827 (1999)
Brian RIX, Petitioner,
v.
Ken JENNE, as Sheriff of Broward County, Florida and State of Florida, Respondents.
No. 99-0998.
District Court of Appeal of Florida, Fourth District.
March 30, 1999.
Steven J. Hammer of the Law Offices of Steven J. Hammer, P.A., Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Rochelle L. Kirdy, Assistant Attorney General, West Palm Beach, for respondents.
PER CURIAM.
Petitioner Brian Rix's bond on pending charges of battery on a law enforcement officer, possession of cocaine, and driving under the influence was revoked following his arrest for new criminal charges of possession of cocaine and driving under the influence. Rix filed this petition for writ of habeas corpus, alleging that the trial court erred in refusing to set a new bond following revocation of the initial bond. We agree and grant the writ. See Paul v. Jenne, 24 Fla.L. Weekly D581, 728 So.2d 1167 (Fla. 4th DCA 1999); Merdian v. Cochran, 654 So.2d 573 (Fla. 4th DCA 1995).
This court in Paul outlined the applicable rules and statutes and continued to hold that the trial court's authority to deny bond pending trial is "circumscribed by the provisions of Florida Statute section 907.041." This court further held that such rule applies even in the face of the defendant's breach of a condition of bond involving new criminal charges. See Paul, 24 Fla.L. Weekly at D583, 728 So.2d at 1171.
In short, the trial court may order pretrial detention upon the breach of a bond condition if it finds a substantial probability that the defendant poses a threat of harm to the community. Section 907.041(4)(b)(4) provides that the court can make such finding of "threat of harm" if it finds that the defendant is presently charged with a dangerous crime, that there is a substantial probability that the defendant committed such crime, that the factual circumstances of the crime indicate a disregard for the safety of the community, and that there are no conditions of release reasonably sufficient to protect the community from the risk of physical harm to persons. See § 907.041(4)(b)(4), Fla.Stat. (1997),
In addition, subsection 4 provides that the court must find that at least one of the following conditions is also present:

*828 a. The defendant has previously been convicted of a crime punishable by death or life imprisonment.
b. The defendant has been convicted of a dangerous crime within the 10 years immediately preceding the date of his or her arrest for the crime presently charged.
c. The defendant is on probation, parole, or other release pending completion of sentence or on pretrial release for a dangerous crime at the time of the current arrest.
See Paul, 24 Fla.L. Weekly at D581-82, 728 So.2d at 1168, 1999 WL 104585.
We find that the state did not satisfy its burden of proving the requirements for pre-trial detention in accordance with section 907.041. Accordingly, we grant the writ and remand the case for further proceedings consistent with this court's holdings in Paul. See also Merdian v. Cochran, 654 So.2d 573. As in Paul, we certify conflict with Houser v. Manning, 719 So.2d 307 (Fla. 3d DCA 1998).
Clerk is directed to issue mandate concurrently with this opinion.
GUNTHER and FARMER, JJ., concur.
GROSS, J., dissents without opinion