766 So.2d 320 (2000)
Robert THOMAS, Petitioner,
v.
Ken JENNE, as Sheriff of Broward County, Florida, Respondent.
No. 4D99-3794.
District Court of Appeal of Florida, Fourth District.
March 29, 2000.
Alan H. Schreiber, Public Defender, Seventeenth Judicial Circuit, and Debra A. Bookout, Assistant Public Defender, Fort Lauderdale, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Leslie T. Campbell, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner Robert Thomas was charged by information with grand theft and resisting arrest without violence. After his arrest, he was released after posting a $1,000 bond. He failed to appear for arraignment. A "no bond" capias was issued for his arrest. Thomas surrendered on the capias and was arraigned.
*321 Thomas filed a pro se motion for reconsideration of bond, in which he claimed that his failure to appear for arraignment was not willful. He asked the court to release him on his own recognizance or to reinstate his original bond.
The court held a hearing on Thomas's motion. After listening to Thomas's testimony, the trial court ruled that he had been properly noticed for arraignment and stated that his testimony was not credible. The state argued that Thomas had used numerous aliases and different birthdates in previous court proceedings and that he had committed offenses in different counties in Florida. The trial court denied Thomas's motion to set bond.
Thomas filed a petition for writ of habeas corpus seeking to quash the trial court's order denying bond and directing the trial court to set a reasonable bond.
As we ruled on December 14, 1999 before the issuance of this opinion, we deny the petition on the authority of Bradshaw v. Jenne, 754 So.2d 109 (Fla. 4th DCA 2000).
STONE and HAZOURI, JJ., concur.
GROSS, J., concurs in part and dissents in part with opinion.
GROSS, J., concurring in the opinion, dissenting from the denial of the motion for rehearing en banc.
After the petition was denied in this case on December 14, 1999, but before the issuance of an opinion, Thomas moved for rehearing en banc citing a number of cases from this court, primarily tracing back to Merdian v. Cochran, 654 So.2d 573 (Fla. 4th DCA 1995), Metzger v. Cochran, 694 So.2d 842 (Fla. 4th DCA 1997), and Paul v. Jenne, 728 So.2d 1167 (Fla. 4th DCA), rev. granted, 741 So.2d 1137 (Fla.1999). The court declined to rehear the case en banc.
I would grant the motion for rehearing, not to conform this case to Merdian, Metzger, and Paul, but to recede from that line of cases.
In those cases, this court unintentionally and fundamentally changed the way in which trial courts were required to deal with defendants who violated conditions of their bond.
Before the Merdian trilogy, a trial court's handling of pretrial release after a bond violation was a discretionary decision, once the court made the finding that criminal conduct or a willful violation had occurred. This court has narrowed the scope of that discretion by forcing the proceeding to filter through section 907.041, Florida Statutes (1999), a section not intended to cover violations of an existing bond or condition of release.
The statute we have misapplied is section 907.041, Florida Statutes (1999), entitled "Pretrial detention and release." That statute does not apply to the situation at issue in this case, where a defendant has willfully violated a condition of an existing bond. Section 907.041 comes into play when the state seeks to have the defendant held in jail without bond for defined "dangerous crimes," from the time of arrest until trial. The legislative intent set forth at section 907.041 states:
It is the policy of this state that persons committing serious criminal offenses, posing a threat to the safety of the community or the integrity of the judicial process, or failing to appear at trial be detained upon arrest.

(Italics supplied). The statute's reference to "failing to appear at trial" and the reference in section 907.041(4)(b)1. to previous violations of conditions of release are best understood as referring to violations that occurred on a previous offense when pretrial release is opposed for the current offense. See Houser v. Manning, 719 So.2d 307, 311 (Fla. 3d DCA 1998). Such information is typically provided by the state to the judge at the first appearance; section 907.041(4)(c)4. requires the arresting agency, after an arrest, to promptly provide the state attorney with information pertaining to the defendant's past conduct *322 and present conduct, including any record of convictions, previous flight to avoid prosecution, or failure to appear at court proceedings.
One factor most heavily weighs in favor of the interpretation that section 907.041 applies to release after arrest on a new chargethe procedures outlined in section 907.041 all contemplate events occurring shortly after arrest on a new substantive charge.[1]
The procedures and required findings set forth in section 907.041 bring an initial denial of pretrial release within article I, section 14 of the Florida Constitution which states that in non-capital cases, a defendant "shall be entitled to pretrial release on reasonable conditions." That section of the constitution also affords the trial judge wide latitude in the decision to deny bond:
If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
Id. This quoted language was added to the constitution in 1982. Section 907.041 tucks neatly into this constitutional provision by defining the standards for the type of pretrial detention which commences from the inception of a case. See § 907.041(3), Fla. Stat. (1999). Section 907.041 thus implemented the 1982 constitutional amendment in those non-capital cases where the state seeks to hold a person in jail from the time of arrest. See Houser, 719 So.2d at 310-11. Florida Rule of Criminal Procedure 3.132 establishes the procedures for handling the state's motion for pretrial detention.
A separate statutory and rule framework apply to the situation where a defendant violates a condition of an existing bond by committing criminal acts. Sections 903.046-903.047, Florida Statutes (1999), have been ignored by this court. Unlike the more narrow focus of section 907.041, sections 903.046-903.047 broadly define the powers of the court in all bail/pretrial release situations. As set forth in the statute,
[t]he purpose of a bail determination in criminal proceedings is to ensure the appearance of the criminal defendant at subsequent proceedings and to protect the community against unreasonable danger from the criminal defendant.
§ 903.046(1), Fla. Stat. (1999). Section 903.047(1)(a) makes it a condition of all forms of pretrial release that the "defendant refrain from criminal activity of any kind." As Judge Cope has written, revocation of bond has always been within the inherent power of a court where a defendant willfully violates a condition of release or engages in further criminal conduct. See Houser, 719 So.2d at 308-309.
Section 903.046 was passed in the same legislative session as section 907.041. Section 903.046 was enacted in section 41 of Chapter 82-175, Laws of Florida, an omnibus statute "relating to bail and bail bondsmen." That statute was approved by the Governor on April 20 and filed with the Secretary of State on April 21, 1982. Section 907.041 was created by Chapter 82-398, Laws of Florida; it was approved by the Governor on June 29 and filed with *323 the Secretary of State on June 30, 1982.[2] Section 903.046, the broader statute, should be read to apply to those situations falling outside of the more narrow statute, section 907.041.
One example demonstrates that section 907.041 should not be read to apply where a defendant has violated the statutory bond condition that a "defendant refrain from criminal activity of any kind." A serial auto burglar, who diligently makes all court appearances, would always be entitled to pretrial release, no matter how many such crimes were committed while on pretrial release. This is because auto burglary does not fit within the definition of a "dangerous crime" found in section 907.041(4)(a). Detention would therefore not be authorized under section 907.041(4)(b)4.; the court would be precluded from finding that the defendant poses a threat of harm to the community, because auto burglary is not a dangerous crime. When looking at entitlement to release immediately after arrest, it makes good sense to read the statute as precluding pretrial detention when the arrest is for auto burglary. It defies common sense to assume that the legislature intended to extend that limitation beyond the initial setting of release conditions so as to handcuff the trial court in dealing with bond violators.
Existing rules of procedure govern a trial court's handling of defendants who violate conditions of their release. Florida Rule of Criminal Procedure 3.131(g)(1) provides that a court "may direct the arrest and commitment of the defendant who is at large on bail" when "there has been a breach of the undertaking." Of course, the failure of a defendant to comply with the statutory condition of refraining "from criminal activity" is such a breach. § 903.047(1)(a), Fla. Stat. (1999).
Once arrested, a defendant may apply for bail after recommitment. Florida Rule of Criminal Procedure 3.131(h) provides:
If the defendant applies to be admitted to bail after recommitment, the court that recommitted the defendant shall determine conditions of release, if any, subject to the limitations of (b) above.
(Italics supplied). Rule 3.131(b)(3) specifies those factors a court may consider; they are the same factors a court would ponder at a first appearance. The phrase "if any" in the rule is most significant. This language contemplates that one option of the court at this stage, after one bond has been violated, is to authorize no release at all.
To comply with the constitution, the decision not to release a person who has violated a bond must be based on a finding by the trial court that "no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process." Art. I, § 14, Fla. Const.; Fla. R.Crim. P. 3.131(a).
The trial court's finding of probable cause to believe that the defendant has committed further crimes while on release is a powerful factor in deciding whether to allow release after recommitment. Ultimately, this decision rests with the sound discretion of the trial court, just like the setting of reasonable conditions of bond at a first appearance. One weakness of the current rule is that it does not require the trial court to make specific, on the record findings when bail after recommitment is denied. This makes appellate review of the discretionary decision more limited. However, there are many situations where a trial court is not required to articulate its basis for a discretionary decision. While the supreme court might amend the rule, this court cannot engage in rule making by imposing such a requirement.
*324 This court first went astray in Merdian. In that case, the defendant was charged with sexual activity with a minor, his stepdaughter. He was released on a $15,000 bond. The bond was later revoked based on a telephone conversation between the defendant and the victim. The trial court found that the defendant had threatened to "get" the victim as part of the basis for revoking bond. Although the trial court did not cite to the statute, the defendant's conduct was a violation of the statutory condition of the bond that the "defendant refrain from any contact of any type with the victim, except through pretrial discovery pursuant to the Florida Rules of Criminal Procedure." § 903.047(1)(b), Fla. Stat. (1999).
This court reversed for a new bond hearing. Most of the majority opinion correctly cites to Florida Rule of Criminal Procedure 3.131 as the basis for the reversal. However, the last paragraph of the majority opinion includes the following language:
It is the state's burden to prove the need of pretrial detention. Section 907.041(4)(f), Fla. Stat., which it must show beyond a reasonable doubt. See Fla. R.Crim. P. 3.132(c)(1).
654 So.2d at 576. By this language, without explanation or citation to authority, Merdian pulled both section 907.041 and Rule 3.132 into a case involving the revocation of an existing bond. See Houser, 719 So.2d at 309 (suggesting that Merdian was litigated on "the unexamined assumption that the only basis for refusing readmission to bond would be if the defendant qualified for pretrial detention under section 907.041.").
We relied on Merdian in Metzger, a case where a DUI manslaughter defendant out on bond tested positive for cannabis in his urine. The trial court revoked bond. See Metzger, 694 So.2d at 842. We reversed for a new bond hearing, using the following language as the heart of the opinion:
The trial court has the authority under Florida Rule of Criminal Procedure 3.131(g)(1) to arrest and commit a defendant at large on bail for a breach of the undertaking; however, refusing to impose any conditions of release thereafter constitutes pretrial detention, the need for which the State must prove, § 907.041(4)(f), beyond a reasonable doubt, Fla. R.Crim. P. 3.132(c)(1). Merdian v. Cochran, 654 So.2d 573, 576 (Fla. 4th DCA 1995).
694 So.2d at 842-43. Metzger thus relied only on Merdian to bring Rule 3.132 and section 907.041 procedures into cases where a defendant's bond was revoked for violating a condition of the bond, that the "defendant refrain from criminal activity of any kind." § 903.047(1)(a), Fla. Stat. (1999). Neither Metzger nor Merdian engaged in any analysis before injecting section 907.041 into the bond revocation equation.
Relying only on Merdian and Metzger, in Paul we continued to hold that a trial court's authority to revoke bond "is circumscribed by the provisions" of section 907.041. 728 So.2d at 1171.
Our extension of the law in Metzger, Merdian, and Paul has limited the inherent power of the trial courts and compromised the integrity of the judicial process, without a clear signal from the legislature that the decision on bond revocation should be elevated to such an exalted position in the criminal process. Section 907.041 does not say that it applies to revocations of existing bonds; it should not be read as creating such a fundamental change in the law without explicit direction from the legislature.
The practical effect of our decisions has been to force trial courts to spend more time parsing conditions of release for defendants who violate them and less time bringing cases to a conclusion on their merits. This means that defendants who are in jail awaiting trial spend more time there; multiple case settings required by a defendant's nonappearance greatly increase financial and social costs.
*325 In sum, under the correct application of the applicable bond statutes, once a violation of a condition of release has been proven, revocation is a discretionary decision of the trial judge under rule 3.131(h). The law does not require the trial judge to apply section 907.041 in making the "bail after recommitment" decision.
NOTES
[1] For example, section 907.041(4)(c), Florida Statutes (1999), requires the arresting agency to "promptly notify" the state attorney of the arrest of a person "charged with a crime for which pretrial detention could be ordered." The arresting agency is to provide the state attorney with information as to the "nature and circumstances of the offense charged" and "previous flight to avoid prosecution, or failure to appear at court proceedings." § 907.041(4)(c)1. & 4., Fla. Stat. (1999) (italics supplied). Section 907.041(4)(d) permits an arresting agency to detain a defendant for a period not exceeding 24 hours before the state attorney files a motion seeking pretrial detention. Section 907.041(4)(e) provides for a pretrial detention hearing "within 5 days of the filing by the state attorney of a complaint to seek pretrial detention."
[2] Section 903.047, Florida Statutes (1999), was enacted in 1984. See Ch. 84-103, § 43 and Ch. 84-363, § 12, Laws of Fla.