768 So.2d 529 (2000)
Robert BARNS, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D00-1250.
District Court of Appeal of Florida, Fourth District.
September 27, 2000.
*530 Barbara J. Scheffer of Mitchell J. Beers, P.A., Palm Beach Gardens, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for respondent.
GROSS, J.
Petitioner Robert Barns was charged earlier this year with DUI manslaughter based on an automobile accident that resulted in the death of a nine-month-old child. He was released on a $100,000 bond. One of the conditions of his bond was that he consume no alcohol.
The state moved to revoke petitioner's bond. At a hearing on March 24, 2000, Officer David Kelley of the Palm Beach Shores Police Department testified that he encountered petitioner in a highly intoxicated state on March 22, 2000. Barns's wife testified that she and her husband were in the process of getting a divorce. She said Barns had come over to her home on the night of March 22 to work out a settlement; after dinner she and petitioner drank alcohol, two glasses of Grand Marnier each. As an alternative to detention, a third witness discussed an in-patient program in a non-secure facility where a patient is free to leave if he or she so chooses.
The state moved that the original bond be revoked, that a new bond of $250,000 be set, and that petitioner wear an ankle bracelet for monitoring house arrest, in addition to the other conditions of the original bond.
The trial judge ruled that it was necessary to incarcerate petitioner before trial in order to protect the community from physical harm. He acknowledged that such a showing might not have been sufficient to revoke bond under the prevailing case law in this district at the time. Even so, the judge said releasing Barns would place the community at risk of physical harm no matter what amount of bond or other condition was imposed.
In his petition, Barns relied primarily on Paul v. Jenne, 728 So.2d 1167 (Fla. 4th DCA), rev. granted, 741 So.2d 1137 (Fla. 1999), to argue that the trial court's decision to revoke bond failed to comply with the pretrial detention statute, section 907.041, Florida Statutes (1999).
On April 24, 2000, we denied the petition for writ of habeas corpus by order, indicating that an opinion would follow. The court had tentatively voted to consider this case en banc for the purpose of receding from Paul as well as from Metzger v. Cochran, 694 So.2d 842 (Fla. 4th DCA 1997) and Merdian v. Cochran, 654 So.2d 573 (Fla. 4th DCA 1995). We found it to be significant that this case involved the revocation of a preexisting bond, one that had been set at the commencement of this case, and we intended to adopt the general lines of the dissent in Thomas v. Jenne, 766 So.2d 320 (Fla. 4th DCA 2000) (Gross, J., dissenting). The Thomas dissent contended that the revocation of a preexisting bond did not have to comply with the pretrial detention statute, and that, instead, such a revocation properly traveled under the more general provisions of sections 903.046 and 903.047, Florida Statutes (1999), and Florida Rule of Criminal Procedure 3.131. The Thomas dissent also expressed concern that the extension of the law in Metzger, Merdian, and Paul "limited the inherent power of the trial courts and compromised the integrity of the judicial process, without a clear signal from the legislature...." Thomas, 766 So.2d at 324 (Gross, J., dissenting).
The legislature sent a clear signal about revocation of existing bonds during the 2000 session. While proposed opinions were still circulating through the court, the legislature passed Chapters 2000-178 and 2000-229, Laws of Florida.[1] Those statutes *531 amended, clarified, and supplemented the bond and pretrial release statutes. One effect of the statutes was to nullify our decisions in Paul, Metzger, and Merdian. The amendments followed the spirit of the Thomas dissent in its concern that trial judges not be constrained in dealing with bond violators, but confirmed that the legal approach of Paul was correctthat the pretrial detention statute applied to the revocation of an existing bond. The amendments expanded the power of the trial courts to revoke existing bonds and order pretrial detention.

The decisions in Paul v. Jenne, Merdian v. Cochran, and Metzger v. Cochran

Paul involved a defendant charged with attempted second degree murder. He was released on a $25,000 bond. While out on bond, he was arrested for firearms offenses, possession of cannabis, and possession of drug paraphernalia. The state moved to revoke the defendant's bond on the original charge and detain him without bond pending trial. See Paul, 728 So.2d at 1167.
After an evidentiary bond revocation hearing, the trial judge revoked the defendant's bond and remanded him into custody without bond pending trial. Ruling on the defendant's petition for writ of habeas corpus, we cited to Metzger to point out that where an existing bond is revoked, "a refusal `to impose any conditions of release thereafter constitutes pretrial detention, the need for which the State must prove... beyond a reasonable doubt.'" Id. at 1168 (quoting Metzger, 694 So.2d at 843).
The parties conceded that if the pretrial detention statute applied, the only section authorizing detention would be subsection 907.041(4)(b)4.b. We held that subsection to be inapplicable because the defendant had not been convicted of a "dangerous crime" within the meaning of the statute within the ten years immediately preceding his arrest for attempted second degree murder. See id.
We rejected the state's invitation to reexamine our position that "the trial court has no discretion to refuse readmission to bond upon breach of a bond condition, absent proof of the pretrial detention factors in section 907.041." Id. at 1169. We certified conflict with Houser v. Manning, 719 So.2d 307 (Fla. 3d DCA 1998). See id. at 1172. In doing so we gave deference to the legislative intent that we discerned behind the statute:
Although we agree with Houser that a trial court has the authority to revoke a defendant's bond under pretrial release rules allowing arrest and recommitment for bond violations, and pursuant to the court's inherent power to enforce its own orders, we disagree that a trial court has the absolute discretion to deny bond unless a defendant meets the criteria for detention without bond under the pretrial detention statutes. By breaching a condition of the bond originally set by the court, a defendant forfeits the right to continued release under the terms of that bond. However, the defendant does not forfeit his or her constitutionally guaranteed right to bail altogether; a refusal to readmit a defendant to any bail at all must be subject to the limitations of the pretrial detention statute.
* * *
We continue to hold, as we did in Merdian and Metzger, that the court's authority to deny bond pending trial is circumscribed by the provisions of Florida Statute section 907.041. The legislature has specifically delineated and narrowly limited those circumstances under which bond may be denied. We have no difficulty divining the legislative intent to curtail the court's power to deny bail, except in certain instances, in light of the constitutionally guaranteed right to bail.
Paul, 728 So.2d at 1171 (emphasis omitted).
*532 The effect of the ruling in Paul was that unless there was compliance with section 907.041(4)(b), the trial court was precluded from revoking a defendant's bond and holding him without bond until trial, even though the trial court had determined that the defendant posed a threat to the community because of the crimes he had committed while on pretrial release.
Metzger and Merdian both involved cases where a defendant's bond was revoked and pretrial detention ordered because of a violation of a condition of an earlier bond. In Merdian, the condition was a no contact provision with the victim; in Metzger, the defendant violated a condition concerning the use of illegal drugs by testing positive for cannabis in his urine. It was these cases that Paul relied upon in requiring compliance with section 907.041 before imposing pretrial detention.

Chapter 2000-178, Laws of Florida
The Governor approved Chapter 2000-178 on June 2, 2000. The statute amends and adds to the bond and pretrial release statutes to address the situation that arose in Paul.[2] One addition to section 903.046(2) was subsection (j) which provides:
(2) When determining whether to release a defendant on bail or other conditions, and what that bail or those conditions may be, the court shall consider:
* * *
(j)Whether there is probable cause to believe that the defendant committed a new crime while on pretrial release.
Ch.2000-178, § 1, at 1466-67, Laws of Fla. Section 907.041(3) was amended to clarify that persons charged with a "dangerous crime" as defined in section 907.041(4)(a) are not entitled to the legislatively created presumption in favor of pretrial release on nonmonetary conditions. See Ch.2000-178, § 2, at 1467, Laws of Fla. Section 907.041(4)(b) was created to limit the opportunity of a person charged with a dangerous crime to be "granted nonmonetary pretrial release at a first appearance hearing." Ch.2000-178, § 2, at 1468, Laws of Fla. Except for relettering to subsection (c), the legislature did not change subsection 907.041(4)(b), Florida Statutes (1999).
Significantly, the legislature created section 903.0471, which provides:
903.0471 Violation of condition of pretrial release.Notwithstanding s. 907.041, a court may, on its own motion, revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release.
Ch.2000-178, § 3, at 1469, Laws of Fla.
Finally, section 5 of the new statute repealed Florida Rules of Criminal Procedure 3.131 and 3.132 "to the extent that the rules are inconsistent with this act." Ch.2000-178, § 5, at 1470, Laws of Fla.
Had these statutory changes been in effect when Paul was decided, this court would have upheld the trial court's decision to remand the defendant into custody without bond. Section 903.0471 obviously allows this result when a defendant has committed new crimes while on pretrial release. Where a trial court imposes pretrial detention because it finds probable cause to believe that a defendant committed a new crime while on pretrial release, there is no longer any requirement to comply with section 907.041(4)(b).

Chapter 2000-229, Laws of Florida
The Governor approved Chapter 2000-229 on June 6, 2000. The statute makes substantial changes to section 907.041. Most significant for this case is the language that addresses the situation that arose in Merdian and Metzger, where a defendant violates a condition of his bond *533 not involving the commission of new crimes. The statutes creates subsection 907.041(4)(b)7, which provides:
(b) The court may order pretrial detention if it finds a substantial probability, based on a defendant's past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that any of the following circumstances exists:

* * *
7. The defendant has violated one or more conditions of pretrial release or bond for the offense currently before the court and the violation, in the discretion of the court, supports a finding that no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial.
Ch.2000-229, § 2, at 1708-09, Laws of Fla. (new statutory language underlined).[3] This amendment negates the holdings of Merdian and Metzger. Subsection 907.041(4)(b)7 allows the trial court the discretion to impose pretrial detention when faced with a defendant who violates a condition of pretrial release.

Application of the 2000 Amendments to this Case
It is proper to consider the 2000 legislation in arriving at the correct interpretation of the pretrial detention statute. See, e.g., Gamble v. State, 723 So.2d 905, 907 (Fla. 5th DCA 1999). As the supreme court has noted:
The rule seems to be well established [that] the interpretation of a statute by the legislative department goes far to remove doubt as to the meaning of the law. The court has the right and the duty, in arriving at the correct meaning of a prior statute, to consider subsequent legislation.
Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788, 790 (Fla.1952) (quoting General Petroleum Corp. of Cal. v. Smith, 62 Ariz. 239, 157 P.2d 356, 360 (1945)).
In creating sections 903.0471 and 907.041(4)(b)7, the legislature used the term "pretrial detention" in a way that signifies that the term applies to a revocation of an existing bond. The language of the statute allows no other interpretation. It says that a court may "revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release." Ch.2000-178 § 3, at 1469, Laws. of Fla. Similarly, Chapter 2000-229 clarified that "pretrial detention" may be ordered when a "defendant has violated one or more conditions of pretrial release or bond for the offense currently before the court." Ch.2000-229 § 2, at 1708-09, Laws of Fla.
The legislature also made it clear that this court's interpretation of the pretrial detention statute too severely limited the trial court's discretion on bond issues. The statutory changes plainly implement the trial court's discretion to impose pretrial detention within the limits of Article I, Section 14 of the Florida Constitution, which affords the trial judge wide latitude in the decision to deny bond:
If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
FLA. CONST. ART. I, § 14. The legislative intent behind section 907.041 was not to narrow the breadth of the trial court's discretion under the state constitution, but to be coextensive with it.[4]
*534 Petitioner in this case is charged with DUI manslaughter. The trial court was justifiably concerned that the petitioner's inability to control his drinking presented a risk to the community. The constitution allows a judge, in deciding whether to impose pretrial detention, to consider whether a defendant's pretrial release will pose a threat of physical harm to persons in the community. In this case, the trial court made precisely the type of discretionary decision which the legislature intended that judges make under the pretrial detention statute.
For these reasons, we deny the petition for writ of habeas corpus.
STONE and POLEN, JJ., concur.
NOTES
[1] The citations to Chapters 2000-178 and 2000-229 are referencing the page numbers in 5 West's Florida Session Law Service (2000).
[2] The staff analysis of the bill references the conflict between Paul v. Jenne, 728 So.2d 1167 (Fla. 4th DCA), rev. granted, 741 So.2d 1137 (Fla.1999), and Houser v. Manning, 719 So.2d 307 (Fla. 3d DCA 1998), suggesting that a primary motivation behind the statute was to legislatively overrule the result in Paul. See House of Representatives as Revised by the Committee on Criminal Justice Appropriations Analysis, CS/HB 607, p. 5.
[3] Chapter 2000-229 also creates section 907.041(4)(b)4 which delineates those circumstances when a court may order pretrial detention for a person charged with DUI manslaughter, the crime at issue in this case.
[4] We note that even after the 2000 amendments there may be some confusion as to whether a revocation of an existing bond travels under Florida Rule of Criminal Procedure 3.131(f)-(h) or Rule 3.132(b). Compare Paul v. Jenne, 728 So.2d 1167, 1171 (Fla. 4th DCA 1999) with Thomas v. Jenne, 766 So.2d 320 (Fla. 4th DCA 2000) (Gross, J., dissenting).