MAY, J.
The defendant petitions this court for a writ of habeas corpus challenging his pretrial detention for the charges of leaving the scene of an accident with serious injury and leaving the scene of an accident with death. We grant the petition and remand the case for an immediate bond hearing consistent with this opinion.
Article I, Section 14 of the Florida Constitution affords trial courts wide latitude in making decisions concerning pre-trial release and bond. However, those latitudes are not without bounds. “Section 907.041 tucks neatly into this constitutional provision by defining the standards for the type of pretrial detention which commences from the inception of a case.” Thomas v. Jenne, 766 So.2d 320, 322 (Fla. 4th DCA 2000). It is these statutory provisions that cause us to grant the petition and issue the writ in this case.
Section 907.041(4)(c), Florida Statutes (2003) provides: “[t]he court may order pretrial detention if it finds a substantial probability, based on a defendant’s past and present patterns of behavior, the criteria in s. 908.046, and any other relevant *421 facts, that any of the following circumstances exists .... ” The “following circumstance” upon which the trial court relied in this case was subsection (4)(c)5, which states:
The defendant poses the threat of harm to the community. The court may so • conclude, if it finds that the defendant is presently charged with a dangerous crime, and there is a substantial probability that the defendant committed such crime, that the factual circumstances of the crime indicate a-disregard for the safety of the community, and that there are no conditions of release reasonably sufficient to protect the community from the risk of physical harm to persons.
§ 907.041(4)(c)5, Fla. Stat. (2003) (emphasis added). The crimes charged must qualify as “dangerous crimes” to satisfy the statute. The legislature defined “dangerous . crimes” in section 907.041(4)(a), Florida Statutes (2003). The crimes with which the defendant is charged are not within those enumerated. Thus, reliance on this provision is misplaced.
While the trial court properly reviewed the relevant criteria set forth in section 903.046, Florida Statutes (2003), there is no provision under section 907.041 under which the charged crimes qualify for pretrial detention. The' trial court therefore erred in ordering pretrial detention of the defendant.
We grant the petition, issue the writ, and remand this case to the trial court for an immediate bond hearing to determine the proper conditions, monetary and otherwise, upon which to base the defendant’s release.
FARMER, C.J. and KLEIN, J., concur.